(9 Misc. Rep. 268.)

DUKE v. TENTH & TWENTY-THIRD ST. FERRY CO.

(City Court of Brooklyn, General Term.    June 25, 1894.)

NEGLIGENCE—EVIDENCE—FERRYBOAT LANDING.

The fact that the foot of a child four years old was caught, while she was leaving defendant's ferryboat, between the ferry bridge and the deck of the boat, does not prove that defendant was negligent, where it appears that the space between the bridge and the deck was from one and two inches; that defendant used the best appliances known; and that it was impossible, under certain conditions, to bring the boat and the bridge together so as to leave no space between.

Appeal from trial term.

Action by Annie Duke, by her guardian, against the Tenth & Twenty-Third Street Ferry Company, for personal injuries. There was a judgment of nonsuit, and plaintiff appeals.    Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Dailey, Bell & Crane, for appellant.

Wetmore & Jenner, for respondent.

VAN WYCK, J.    This is an appeal from a judgment of nonsuit. The action is to recover damages for personal injuries to plaintiff, a child about four years old, through the alleged negligence of the defendant.    The defendant runs a ferry from New York City to Brooklyn.    At the close of the testimony on both sides, the defendant moved to dismiss the complaint on the following grounds, stated in these words:

"We renew the motion to dismiss on the ground of the insufficiency of the proof on the part of the plaintiff to make out a case, and also upon the following grounds: In the first place, there is no evidence of any duty owing by the defendant, which it has failed or neglected to perform; and, in the second place, there is no evidence of any negligence or want of care on the part of the defendant.    There is no evidence that the appliances and the equipments used by the defendant are not the best known for the purpose for which they were used.    There is no evidence that the mode of bringing the boat up to the bridge, and fastening it, was not the usual and ordinary way customarily in use for ferryboats, and the safest and best way known to those skilled in such matters, but that, on the contrary, the evidence shows that the appliances and equipments of the boats were the best known, and, that the boat was brought up in a perfectly proper and usual manner,—not only so far as this ferry is concerned, but so far as all ferries are concerned, upon the East river.    The plaintiff was guilty of contributory negligence in leaving the boat; the negligence of the mother, in not looking down, and lifting the child over what is necessarily a dangerous spot, being imputed, of course, to the infant plaintiff."

The motion was granted, and the question for us to decide is whether this was error.

The boat used on this occasion was like those in common use around New York, with the passenger cabins on the sides, and a place for teams between these.    The bow of the boat was curved to correspond with the curve of the bridge.    The outward end of the bridge floats, and can be raised and lowered with the tide.    The boat is made fast to the bridge by cables and windlasses.    On this trip the boat entered the slip, and was made fast by the use of the cables and windlasses.    On the side of the ladies' cabin, where

the plaintiff and her mother were, the floor of the deck was about a foot lower than the floor of the bridge, and there was a space of about two inches between the deck and bridge; for all four of the witnesses, including the mother, who noticed the space, fix it between one and two inches. As the mother was about to step from deck to bridge, she observed that the latter was higher than the former, and was about to help the plaintiff, whose foot was caught in this space of about two inches between the bow and bridge; and for the injury to the child's foot, so received, this action is brought. The testimony of the mother and the three other witnesses who observed this space furnishes the only reliable evidence on the subject, and they fix it at about two inches wide. It seems to us it would be mere speculation to infer that the space was larger, from the size of plaintiff's foot—a growing child—on the day of the trial, which was 10 months after the accident, or from the size of the shoe exhibited on the hearing of this appeal; for it seems to us that the foot that wore it could have easily entered such a space, if the toes went in first. The evidence is virtually uncontradicted that the appliances, including the boat, bridge, windlass, cables, and slips, were the best known for such purposes, and were in general use; that it was impossible, under certain conditions of the tide, to so bring the bow of the boat and the bridge together as to make them level, and leave no space between them; that the crowding of passengers to the front lowered the front, and the flood tide on this occasion, and always, forced the stern up the stream, leaving such a space between bow and bridge, which was unavoidable. There is nothing proven, which the defendant failed to do, upon which negligence can be predicated. Race v. Ferry Co., 138 N. Y. 644, 34 N. E. 280; Loftus v. Ferry Co., 84 N. Y. 455; Lafflin v. Railroad Co., 106 N. Y. 136, 12 N. E. 599; Ryan v. Railway Co., 121 N. Y. 126, 23 N. E. 1131. Judgment must be affirmed, with costs.