(54 App. Div. 67.)

### WOLF v. BROOKLYN FERRY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

FERRIES—DEFECTIVE APPROACHES—ACTION FOR INJURIES.

     A ferry company, which permits its passengers to habitually use a roadway designed for vehicles in reaching its terminal station, as well as a sidewalk maintained for foot passengers, is liable for an injury resulting to a passenger using such roadway from its failure to keep the roadway in a condition reasonably as safe as the sidewalk.

Appeal from trial term, Kings county.

Action by Mary Wolf against the Brooklyn Ferry Company of New York. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John Delahunty, for appellant.
Frederick E. Crane, for respondent.

HIRSCHBERG, J. The plaintiff was injured on the defendant's premises connected with and leading to the Twenty-Third street ferry, in the borough of Manhattan. Before reaching the doors of the ferry building she left the wooden sidewalk, constructed for the accommodation of foot passengers, and endeavored to cross to the door of the building over the roadway constructed for vehicles. Her shoes caught in splinters which had been negligently left from the wear of the planking, and she was thrown to the ground. There was evidence which justified the finding that the splinters were several inches in height; that they had been in a dangerous condition for a number of days, if not weeks; that the defendant's foot passengers commonly approached the ferry house over the roadwalk designed for vehicles; and that, in order to reach the doors in the center of the building, it

was necessary to traverse a part of such roadway. The learned trial justice submitted the case to the jury on the questions of both the defendant's negligence and the plaintiff's freedom from contributory negligence in a charge which correctly stated the rules of law, and the amount of the verdict does not seem excessive.

The defendant excepted to the charge made by the court to the effect that, if the defendant habitually permitted its passengers to use the space occupied by vehicles, then it must keep that place in as good repair as the sidewalk. The court had charged that the rule as to the sidewalk was that it was to be kept in a reasonably safe condition for people who were invited and expected to take passage on the boats, and the charge excepted to must be considered only as extending that standard of duty to the roadway as well as to the sidewalk. The condition required by the law was one which the jury would regard as "reasonably safe" for the use of the foot passengers, and it was applied in the first instance to the sidewalk especially designed for them. But, if the defendant permitted such passengers to habitually use the roadway designed for vehicles, then that roadway also should be kept in an equally "reasonably safe" condition for their use. In this there was no error. Clussman v. Railroad Co., 9 Hun, 618; Bateman v. Railroad Co., 47 Hun, 429; Hulbert v. Railroad Co., 40 N. Y. 145; Weston v. Railroad Co., 73 N. Y. 595; Hoffman v. Railroad Co., 75 N. Y. 605; Boyce v. Railway Co., 118 N. Y. 314, 23 N. E. 304. The case differs from those cited by the defendant (Loftus v. Ferry Co., 84 N. Y. 455; Race v. Ferry Co., 138 N. Y. 644, 34 N. E. 280; Duke v. Ferry Co., 9 Misc. Rep. 268, 29 N. Y. Supp. 739, affirmed in 143 N. Y. 640, 41 N. E. 88), in that it was not the case of an accident which could not reasonably be foreseen or anticipated, or which was the result of conditions of tide not altogether avoidable. The injury was the direct result of negligence in failing to repair the ravages of time, use, and weather, in the exercise of ordinary and reasonable care. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.