ELLEN B. WELCH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. December 8, 1904. — December 8, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence. Elevated Railway.*

It is no evidence of negligence on the part of an elevated railway company operating a train in a subway, that while the train was stopping at a station in the subway, where a curve of the track increased the space between the platforms of the cars on the outer side of the curve, a woman passing from one car to another, and not looking down to see the width of the space between the cars, fell

and was injured by reason of one of her legs going down into the space as far as her knee, and that she saw no guard or other employee of the railway company on either of the car platforms before she fell. Whether on these facts the woman could have been found to be in the exercise of due care, *quœre.*

TORT for personal injuries alleged to have been received in the subway in Boston while the plaintiff was a passenger on an elevated train of the defendant. Writ dated February 27, 1902.

At the trial in the Superior Court before *Mason,* C. J., the plaintiff testified that she entered the Scollay Square station of the defendant for south bound trains about five o'clock in the afternoon on February 8, 1902; that she boarded the front platform of the last car of the train, and took a step or two in that car before she discovered that it was the smoking car; that she then turned and started across to the next car ahead, and while crossing between the cars her left leg went down into the space between the cars to her knee, and she fell, receiving the injuries alleged; that there were several persons ahead of her and she did not see the space; that she saw no guard or other employee of the defendant on either of the car platforms before she fell; and that the train was standing at the station on a curve which made the space between the cars wider than when the cars were on a straight part of the track. There was no other testimony as to the width of the space between the cars. On cross-examination, the plaintiff testified that she did not look down to see how great a space there was between the cars as she was crossing. The plaintiff's testimony was corroborated by that of her daughter who was with her at the time of the accident, and there was no other testimony on the subject.

At the close of the plaintiff's case, the judge ruled that upon this evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. Burns, W. W. Clarke & J. F. Lynch,* for the plaintiff.

*R. A. Sears & H. Bancroft,* for the defendant.

BY THE COURT. The testimony of the plaintiff and her daughter furnished no evidence of negligence on the part of the defendant. It is at least very questionable whether there was any evidence that the plaintiff was in the exercise of due care.

*Exceptions overruled.*