ANNIE FALKINS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 13, 1905. — May 18,,1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence.   Elevated Railway Company.*

It is not the duty of an elevated railway company operating trains through a subway to warn persons about to pass from one car to another at a station in the subway that there is danger of stepping into the opening between the cars.

TORT, by a woman twenty-three years old, for injuries received on August 1, 1901, about 10.15 A. M., from her left leg going down into the space between two cars of the defendant, stopping at the Park Street station in the subway in Boston, when the plaintiff had started to pass from one car to the other after a guard of the defendant had called out " This is a smoker ; pass through."   Writ dated April 10, 1902.

In the Superior Court the case was tried before *Holmes,* J. At the close of the evidence the defendant requested the following rulings, with others which were given by the judge :

" 1. Upon all the evidence in the case the plaintiff is not entitled to recover.

" 2. Upon all the evidence in the case it does not appear that the plaintiff was in the exercise of due care.

" 3. There is no evidence that the defendant was negligent."

" 11. It was not negligence on the part of the defendant to so construct its car platforms that there was a space of from seven and a half to ten inches between the cars.

" 12. It was not negligence on the part of the defendant to permit passengers to pass from one car to another while the train was at a standstill.

" 13. If the jury find that the guard of the defendant directed the plaintiff to cross from one car to another, that, in itself, would not constitute negligence.

" 14. There is no duty upon the defendant to notify passengers who are crossing from one car to another while the train is at a standstill of the existence of the space between the cars."

The judge refused to give the rulings quoted, and instructed the jury in substance on these points, that the burden was on the plaintiff to prove due care on her part and negligence of the defendant, that the jury were to decide whether or not under all the circumstances of the case the plaintiff was in the exercise of due care, and, if they found that she was, they were to decide whether under all the circumstances there was anything in the conduct of the guard which was negligent.

The judge further said: " You have heard the testimony about the space. You have heard the testimony of what took place. Has the plaintiff satisfied you that the defendant was negligent? In the first place was that a space such that a person could not use it — a person of ordinary prudence could not use it — for passage without getting hurt? Was it a dangerous place? Was it unreasonable and negligent on the part of the railroad company to permit people to use and pass from one car to the other with that space there without warning them and cautioning them ? "

The jury returned a verdict for the plaintiff in the sum of $2,000 ; and the defendant alleged exceptions.

*H. Bancroft,* for the defendant.

*O. Storer,* for the plaintiff.

KNOWLTON, C. J. Since the trial in this case before a jury, the exceptions in *Welch* v. *Boston Elevated Railway,* 187 Mass. 118, have been considered by this court and a decision announced which covers substantially all the questions raised at this trial.

The plaintiff was injured by stepping down in the space between two cars of a train on the elevated railway, while passing from one car to another at a station. These cars run upon an elevated track through much of their course, and they also pass through the subway and run around sharp curves and on steep grades which were made necessary by the location and construction of the subway and the connecting roads. The cars were coupled together so that in the centre of the passageway from car to car, there was an open space seven and one half inches wide and the platforms of the cars curved away to permit the train to go around the curves, so that on the sides of the passageway the space between the cars was ten and one half inches

wide. The uncontradicted evidence tended to show that it was necessary to have this space between the cars, because the grades of the defendant's road were heavier and the curves sharper in portions of the subway than on any other elevated system. The defendant has no responsibility for the mode of construction of its subway, which was built under legislative authority as a great public work, by the city of Boston, and afterwards leased to the defendant. There was no evidence tending to show that there was any other practicable mode of construction of the cars, which would have been safer and better.

The jury were instructed rightly that there was no evidence of negligence on the part of the defendant in the construction of its cars and car platforms; but they were allowed to find that it was negligence for the defendant to permit passengers to pass from one car to another, without warning them of the danger of stepping into the open space. This subject was covered by the decision in *Welch* v. *Boston Elevated Railway*, *ubi supra*. In that case as in this, it appeared that the chains which were kept up at the end of each car while the train was in motion, were taken down at the station, thereby extending an invitation to passengers to pass from one car to another if there was occasion so to do, and in the earlier case it appeared that the plaintiff, a woman, after taking a step or two into a car, discovered that it was a smoking car and turned to pass across the platforms into the next car and stepped down between the cars. Neither she nor the plaintiff in the present case was given any warning. The only difference between that case and this, as the present plaintiff presents it, is that in that the plaintiff herself discovered that she had entered the smoking car and started to pass into the other; while the present plaintiff says that the guard on the platform called out, "This is a smoker; pass through." This difference is immaterial, for the open passageway with the chains down was as much an invitation to a lady who found herself at the door of the smoking car, to pass across into the other car, as were the words of the guard.

The real question is the same in both cases : Whether it was the duty of the defendant to have a man who should warn every passenger who was about to step from one car to another, of the danger of stepping into the opening. We are of opinion that

the law does not impose this duty on the defendant. No one who observes a train of these cars as it enters or leaves a station can fail to see that there is a space between the cars. In passing from one car to another, a person who looks to see where he is stepping must discover the same fact, if he did not know it before. The percentage in number of all the passengers that ride upon these trains who would pass from one car to another without knowing that there was such a space between them, in time to prevent an accident of this kind, is exceedingly small. The practical difficulty of giving to every passenger who is about to pass from car to car an express notice of the opening, which would be any better than the information gained by the use of his eyes, would be great. The annoyance and disturbance that would be caused by speaking to every such passenger would be very objectionable. A majority of the court remain satisfied with the decision in *Welch* v. *Boston Elevated Railway*, that there was no negligence on the part of the defendant in arranging its passageway for passengers and impliedly inviting them to use it at stations, whenever there is occasion so to do, without informing them in words that there is an open space between the platforms.       *Exceptions sustained.*