MAY E. WILLWORTH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 16, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence.   Elevated Railway.*

It is no evidence of negligence of an elevated railway company toward a passenger, that there is a space of from three to four inches between the floor of the doorway at which the passengers alight from each car of its trains and the platform to which they pass.

It is no evidence of negligence of an elevated railway company toward a passenger, that while the passengers alighting from a greatly crowded car forming part of one of its trains were passing over an open space of from three to four inches between the car and the platform the guard on the platform told them "as he usually does" to "step lively" or "move quickly."

TORT by a passenger on an elevated train of the defendant for injuries sustained while alighting at the defendant's station at Dudley Street in Boston at half past six o'clock in the evening of January 25, 1902, from the plaintiff's foot and leg going down between the car and the platform. Writ dated March 22, 1902.

In the Superior Court *Sherman*, J. ordered a verdict for the defendant, and reported the case for determination by this court. If the ruling was correct judgment was to be entered on the verdict. If it was erroneous, by agreement of counsel judgment was to be entered for the plaintiff in the sum of $500 and costs.

*C. G. Metzler*, (*D. B. Ward* with him,) for the plaintiff.

*H. Bancroft*, for the defendant, was not called upon.

KNOWLTON, C. J.  The plaintiff was a passenger on the defendant's elevated railway, and in passing from the car to the platform at a station, she got her foot through the space between the car and the platform and was injured.  The car was constructed according to the description in *Hannon* v. *Boston Elevated Railway*, 182 Mass. 425, with a wide sliding door on the side, half way between its ends, through which the passengers passed out of the car, and with doors at the ends through which others entered.  The platform was on a level with the floor of the car.  The plaintiff testified that the space between the car and the platform was from three to four inches in width.  The defendant offered evidence which was uncontradicted, that the space between the car and the platform was three inches wide when the car stood absolutely vertical, and that in the ordinary operation of the train there might be an oscillation from side to side of two inches, causing the space between the car and platform to vary from one to five inches in width, according to the manner of the tilting of the car.  The defendant offered evidence that this oscillation was a necessary incident to the operation of the train, and that it would not be safe to have the platform of the station any nearer than this was to the side of the train.  There was testimony that the car was very much crowded, and that the guard on the platform told the passengers, " as he usually does," to " step lively," or " move quickly."

The plaintiff testified that she was passing out in a crowd so great that she could not turn around, and " went out practically sidewise instead of going straight forward," and that in this way her foot and leg went down between the car and the platform, nearly to the knee.  This was substantially all the evidence.

There is nothing to show negligence of the defendant in the construction of the car or the platform.  The jury would not have been warranted in finding on this evidence that a safer or better way of passing from the car to the platform could have been provided.  There was no suggestion, either in evidence or in the argument, of any safer practicable method of passing, that would enable the defendant to give the people rapid transit.  No

intelligent person could fail to know that the car and the platform were separate and independent structures, and that necessarily there must be a space of greater or less width between them. No one reasonably could expect that the space would be less than three or four inches. In *Ryan* v. *Manhattan Railway*, 121 N. Y. 126, it appeared that the plaintiff suffered in a similar way, and that the space between the car and the platform was much greater than in this case, the station being located and the platform built on a curve. It was held that there was no evidence of negligence on the part of the defendant. See also *Welch* v. *Boston Elevated Railway*, 187 Mass. 118.

It was not negligence for the guard on the platform to ask the passengers to move quickly. *Hannon* v. *Boston Elevated Railway*, *ubi supra*. The nature of the business in which the defendant is engaged and the convenience of its passengers who cannot afford an unnecessary loss of time justify efforts to make the transfers at stations quickly.

Nor is it shown that the defendant was in fault in not taking measures to prevent the passengers from crowding in passing out at this broad side door. There was no reason to expect anything unusually dangerous on this occasion. It does not appear that the passengers were disorderly, or that they were doing anything that ordinarily would call for interference by the railroad company. Indeed, the plaintiff seems to have been familiar with the ordinary method of alighting, and with such dangers as attended it, for she testified that the guard " hollered out as he usually does." She must have known that there was an open space between the car and the platform, over which she must pass, and in the exercise of due care, she should have directed her steps accordingly.

We are of opinion that the ruling was right.

*Judgment on the verdict.*

NOTE. — The following cases from the same county were decided on the same day as the foregoing case, the same justices sitting.