## HATTIE A. HILBORN *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Suffolk.    December 14, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence.    Street Railway.*

A woman only four feet in height, who, never before having been in a subway, is a passenger in a surface car which has stopped at a station in a subway upon a curve so that the space between the steps leading from the front platform of the car and the platform of the station is about fifteen inches, if, on being directed by the conductor to alight from the front platform of the car and seeing the passengers ahead of her stepping off, she steps into the opening, falls into the space between the steps of the car and the platform and is injured, when,

according to her own account of the accident, if she had seen the platform she could have stepped over to it by taking an extra long step and if she had looked a little more closely would perhaps have seen the space into which she fell and might have avoided stepping into it, cannot be found to have been in the exercise of reasonable care.

It is not evidence of negligence on the part of a street railway company operating its cars in the subway in Boston by permission and in accordance with reasonable regulations of the Boston Elevated Railway Company, that it stopped a car at a station in the subway upon a curve and that the conductor of the car directed the passengers to alight from the front platform of the car where there was a space of about fifteen inches between the car steps and the station platform without warning them in regard to the space which they were obliged to step over.

SHELDON, J.   The plaintiff brings this action to recover for personal injuries received while she was alighting from one of the defendant's cars at the subway station in Scollay Square. The car was a closed car, of the shorter or four wheeled type. The station platform here runs nearly north and south, and has a curve at the south end, which begins about sixteen feet from the end of the platform, curving away from the tracks.  This car was the first car in the station, and it was stopped not along the straight portion of the platform, where all parts of the car would have been equally distant from the platform, but on the curve, so that the front steps of the car, from which the passengers were directed by the conductor to alight, were farther from the platform than they otherwise would have been.   The plaintiff's husband testified in her behalf that he estimated the space between the car steps and the platform to be sixteen to eighteen inches, and that the distance from the steps of other cars to the platform where it was straight was from ten to twelve or possibly thirteen inches.   A civil engineer called by the defendant testified that the distance from the steps to the curved part of the platform where this car stood was by measurement fourteen and a half inches.

The plaintiff was about four feet tall.  This was the first time she had been in the subway, but she had been accustomed to riding on steam and electric cars.   She was accompanied by her husband.   She testified that there were several other passengers in the car, and in leaving the car she preceded her husband and was preceded by other passengers.   There was no crowding or jostling or hurrying as the passengers alighted.   While stepping off

the car, she fell into the space between the car steps and the platform, and received the injuries complained of. She testified that she had to take some kind of a step to get off the car, but she did not know and did not pay any attention as to whether she had to step down to the ground or out upon a platform as she was alighting; that she saw the passengers ahead of her stepping off, but did not know whether they stepped down to the ground or not; that she started to step off and went down; that she was looking down toward the floor of the car; that when she looked down she could not see, but that it all looked alike to her; that she was not thinking of what kind of a step she was going to make. She also said that if she had seen the platform she could have stepped over on to it by taking an extra long step, by stepping a little farther than usual, and that if she had looked a little more closely, she would perhaps have seen the space into which she fell, and might have avoided stepping into it. She testified that no one warned her of the width of this step, or said anything to her about it.

It was agreed that the subway was lighted at the time of the accident; and the plaintiff testified that an arc light was burning within a short distance from the place where she fell, so that she could see objects distinctly, and that very likely it was light enough for her to have seen the space between the car and the platform if she had desired to notice it.

The plaintiff's husband testified in her behalf that she went out of the car ahead of him; that before she left the car he told her to be careful when she was going out; that he saw her fall, and said, "My Lord, can't you see where you are going?"; that he supposed his wife could have seen the step there; that he had been in the subway before, and had seen the step over to the platform, and that if he had thought that day he might have warned her about the step across, but that he did not tell her about the step specifically.

It was agreed at the trial that the subway and the stations in it were constructed by the Boston Transit Commission, and are owned by the city of Boston; that the platform at this station is now of the same width and in the same condition as constructed by the Transit Commission; that the Boston Elevated Railway Company operates its cars in the subway under a lease of the

subway, and that the defendant operates its cars therein under permission of said elevated company authorized by the Legislature; that the elevated company has the entire management, charge and control of the subway, the stations and platforms, except that it can make alterations therein only by the permission of the Boston Transit Commission.

The defendant asked the judge to make many different rulings, of which the first three were that upon all the evidence the plaintiff was not entitled to recover, that the plaintiff was not in the exercise of due care, and that it did not appear that the defendant or its agents or servants were negligent; but the judge submitted the case to the jury, and after a verdict for the plaintiff the case comes before us upon the defendant's exceptions.

1. We do not see how the plaintiff properly could be found to have been in the exercise of due care at the time of the accident. She knew that she must step either down or off upon a platform; it was light enough for her to see what kind of a step was necessary; she substantially agrees that if she had looked she would have seen the space over which it was necessary to step, and could have made the step in safety. *Ryan* v. *Manhattan Railway*, 121 N. Y. 126, 133, 134. Her husband, who was immediately behind her, foresaw no difficulty in her observing the step which she was to make, and expected her to see it. There always must be a space between the steps of a car running through the subway and the platform upon which passengers are expected to alight, and passengers must expect this to be so. In this case, the space was somewhat greater than has come before the court in previous cases; but the plaintiff agrees that if she had had in mind the existence of any space she could have seen what it was and could have stepped over it safely. Her own bodily deficiency required her to exercise a higher rather than a lower degree of care.

2. But however this may be, we are of opinion that there was no evidence of negligence on the part of the defendant. It is not contended that the defendant could have made any change in the platform, at this station, or was in any way responsible for the manner of its construction. But it is argued that it might have been found to be negligent in not stopping the car along the straight edge of the platform, in running short four-wheeled cars

into the subway instead of longer or wider ones, and in failing to warn the plaintiff of the unusual width of the space between the car and the platform. We consider these suggestions in their order.

It is matter of common knowledge that in the stations for surface cars in the subway the place for the car that comes first to stop is assigned and marked, so that passengers may know where to expect it, and so that room may be left for other cars that may arrive before the first car has departed. It is the duty of the defendant in running its cars in the subway to comply with whatever reasonable regulations in this behalf have been adopted by the Boston Elevated Railway Company, the lessee of the subway. There is no suggestion and there was no evidence that this car was not stopped in the proper place assigned for that purpose, being, as it was, the first car in the station. Nor can it be said that it is negligent to stop a car at a platform on a curve. *Welch* v. *Boston Elevated Railway,* 187 Mass. 118. The burden is on the plaintiff to show negligence of the defendant; and it cannot be assumed without some proof. It does not appear that the place for the stopping of the car was or could be selected by the servants of the defendant, and the decisions from other States cited by the plaintiff upon this question have accordingly no bearing. Negligence cannot be found in this respect.

Nor can it be said that there is evidence that the defendant ought to have selected cars either longer or wider than the one actually used for running into the subway. It is plain that with a longer car the space between the car steps and the curving part of the platform would have been greater rather than smaller. It does not appear that wider cars could safely have been run over the defendant's tracks. In the absence of any evidence, it was mere matter of speculation whether wider or differently constructed cars practically could have been used in the different places and under the different circumstances necessary to be provided for. Here again it was for the plaintiff to prove the negligence upon which she relied; and we find no evidence on which it can be said that this was done.

There was no warning by the defendant's servants of the width of this step; and the plaintiff argues that the failure to give such warning might be found to have been negligent, contending

that if there is a dangerous place at the landing it is the duty of the conductor to warn those who are stepping out, to give notice to all if any danger in alighting is probable.   But it has been held that it is not negligence for the servants of a street railway company in charge of a car to fail to give notice of the existence of a space between the step of a car and the platform, or between the cars of an elevated train.   *Welch* v. *Boston Elevated Railway*, 187 Mass. 118.   *Falkins* v. *Boston Elevated Railway*, 188 Mass. 153.   *Willworth* v. *Boston Elevated Railway*, 188 Mass. 220.   In the first of these cases, there was no evidence what was the width of the space, except that it was wider than when the cars were on a straight part of the track; in the second, it was from seven and a half to ten and a half inches wide; and in the third, and also in *Field* v. *Boston Elevated Railway*, 188 Mass. 222, note, it was between three and four inches.

But in *Ryan* v. *Manhattan Railway*, 121 N. Y. 126, cited in *Willworth* v. *Boston Elevated Railway, ubi supra*, the plaintiff testified that she estimated by the eye that the space between the step and the platform was fourteen or fifteen inches wide. In *Fox* v. *Mayor of New York*, 70 Hun, 181, a case very similar to this, there was evidence that the width of the space was twenty inches.   In *Rothchild* v. *Central Railroad*, 163 Penn. St. 49, the space was estimated to be from sixteen to eighteen inches.   And in all these cases it was held that the existence of the space afforded no evidence of negligence.

Accordingly we are of opinion that the defendant's three requests for instructions which have been stated should have been given; and it is unnecessary to consider the other questions which have been argued.

*Exceptions sustained.*

*H. F. Hurlburt & D. E. Hall,* for the defendant.
*F. E. Crawford* for the plaintiff.