### CHARLOTTE W. HAWES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 14, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Elevated Railway.*

In an action for personal injuries against a corporation operating an elevated railway, it appeared that the plaintiff was a small and frail woman who was unfamiliar with elevated cars and platforms and never had crossed from the platform of one car to that of another, that she had a young child in her arms, got upon the platform of a car of one of the defendant's trains and was entering the door when a brakeman speaking sharply said · "Smoking car, madam; you can't go in there; cross over into the front car, and move quickly," that in attempting to obey him she fell between the cars receiving the injuries sued for, that in attempting to pass between the cars she did not look down, her mind being on the child, and the brakeman gave her no warning or assistance, that the platforms of the cars curved away from each other, the space between them being seven inches at its narrowest part and eleven inches at its widest part, that the curves of the platforms of the cars were determined by the shortest curve of the track which it was necessary for cars coupled together to pass and were no greater than was required for that purpose, that experiments had been made with a buffer coupling, which was the best device known for covering the space between the ends of the cars, and that the device had been shown to be impracticable. *Held*, that, even if there was evidence that the plaintiff was in the exercise of due care, which was doubted, there was no evidence of negligence on the part of the defendant.

MORTON, J.    This is an action of tort to recover for personal injuries received by the plaintiff by falling through an open space

between the platforms of two of the defendant's cars while passing from one to the other with an infant in her arms. She had got on to the platform of a car of one of the trains of the elevated railway, and was in the act of entering the door when the brakeman spoke up sharply and said " Smoking car, madam ; you can't go in there ; cross over into the front car, and move quickly." In attempting to obey him she fell between the cars receiving the injuries complained of. The train was at a standstill and she was not pushed or jostled by any other persons. The judge ordered a verdict for the defendant and the case is here on the plaintiff's exceptions to this ruling.

We think that the ruling was right. The plaintiff testified amongst other things that the child as she held it prevented her from seeing the space between the platforms and that it required her attention ; that her mind was on the child and she was protecting it ; that she was herself small and frail and was unfamiliar with the elevated cars and platforms and had never crossed from one platform to another and did not know that there was any space between them ; that she did not look down ; and that the brakeman gave her no warning or assistance. The space between the two platforms at its narrowest part was seven inches wide and eleven inches wide in its widest part, and the ends of the platforms were so constructed that they curved away from each other. The passageway was about two feet wide in the middle of the platforms which were six feet in width, and on each side of the passageway on each platform about an inch and a half from the edge was an iron post or rod supporting the vestibule roof which covered the platform. The plaintiff testified that in crossing it was necessary to avoid these posts. The defendant introduced evidence which was uncontradicted that the curves of the platforms of the cars were determined by the shortest curve which it was necessary for cars coupled together to pass and were no greater than was required, and that experiments had been made with the Gould buffer coupling which was the best device known for covering the space between the ends of cars, and " the couplers went to pieces."

We see no evidence of negligence on the part of the defendant. There is nothing to show that the space between the cars could have been made any less or that the ends of the plat-

forms could have been made any different.    The defendant was not bound to warn the plaintiff of the space between the cars, or to assist her in crossing from one to the other, and the brakeman's request to move quickly was not, in view of the nature of the defendant's business, an unreasonable one.    Whether the plaintiff was in the exercise of due care need not be decided.    But it would seem that for her to step from one car to the other without looking down was hardly consistent with the exercise of due care on her part.    The infant in her arms and her own inexperience and weakness would seem to have called for the exercise of more care, instead of serving as an excuse for the exercise of less care.    The case is fully covered by previous cases.    *Welch* v. *Boston Elevated Railway*, 187 Mass. 118.    *Falkins* v. *Boston Elevated Railway*, 188 Mass. 153.    *Willworth* v. *Boston Elevated Railway*, 188 Mass. 220.    *Field* v. *Boston Elevated Railway*, 188 Mass. 222.    *Hilborn* v. *Boston & Northern Street Railway*, 191 Mass. 14.

*Exceptions overruled.*

*J. W. Pickering*, for the plaintiff, submitted a brief.

*S. H. E. Freund*, (*E. P. Saltonstall* with him,) for the defendant.