MARGARET M. GILLIGAN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 11, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Street Railway.*

If on a summer afternoon a woman while walking in a leisurely manner over the
cross walk of a city street, with which she is familiar, at the corner of an inter-
secting street where in the centre of the street there is a frog of a street rail-
way track projecting one, two or possibly three inches above the flagging of the
cross walk, there being no car to cause her to hurry and nothing to disturb her
or distract her attention, notices the projection of the frog, and, instead of step-
ing over it, strikes her foot against it with such force as to throw her down, she
is not in the exercise of due care and cannot maintain an action against the rail-
way company maintaining the track for injuries thus caused, even if there is
evidence of negligence on the part of such company in maintaining the frog at
an unnecessary height above the pavement of the street.

TORT for personal injuries from being thrown down by a pro-
jection of a portion of the track of the defendant as the plaintiff
was travelling on a cross walk on P Street at the corner of Fourth
Street in that part of Boston called South Boston on August 10,
1902.    Writ dated November 25, 1902.

In the Superior Court the case was tried before *Schofield,* J.,
who ordered a verdict for the defendant.    The plaintiff alleged
exceptions.

*P. B. Kiernan,* for the plaintiff.

*S. H. E. Freund,* (E. P. Saltonstall with him.) for the
defendant.

KNOWLTON, C. J.    The plaintiff was crossing Fourth Street
in South Boston, at a point where the track of the defendant
runs around a curve into P Street, which crosses Fourth Street
at right angles, and struck her foot against a frog in the track
with such force as to throw her down and cause an injury.    Her
contention is that the defendant was negligent in maintaining
the frog there as a part of the track.

Most of the evidence was uncontradicted.    There were nu-
merous witnesses who testified that this was a necessary and

proper mode of construction where a railway track passes around a curve so as to make a right angle in its course through two connecting streets, that this frog was about two feet long, and corrugated on top, that there was a grooved rail going around the curve, with a guard on the outer side of the rail, forming a part of the groove to keep the wheel from running off the track, and that the top of the guard was three eighths of an inch higher than the top of the rail on the inside. There was, however, uncontradicted evidence that it was necessary that the rail and the frog should be higher than the paving of the street. The only witness who made a measurement testified that the distance from the top of the corrugated iron to the surface of the flagstones was one inch. One of the plaintiff's witnesses, a police officer who saw the accident, said that he should judge that the rails projected an inch and a half or two inches above the flagging. It was undisputed that there had been no change in the condition of the flagging and track since the accident, and photographs and a plan of the location were put in evidence. A female witness who was with the plaintiff when she fell testified that the frog projected about three inches from the flagging; that she had not measured it, but had seen it measured by a person who was not present as a witness. She found it difficult to point out, on the plan or photograph, the place where the measurement had been made. Except as above, there was no evidence that the frog was of unusual height above the paving, and there was much testimony, some of it from witnesses called by the plaintiff, tending to show that the frog and the flagstones about it were in perfect condition. Some of the testimony as to the proper mode of construction of a track in such a place was of facts of common knowledge, of which the court might take judicial notice.

It is difficult to say that there was any evidence of negligence on the part of the defendant. The place was in the middle of a street, where the surface cannot be expected to be so free from irregularities as a sidewalk which is to be used exclusively by travellers on foot.

In view of the testimony of two of the plaintiff's witnesses as to the height of the frog, and the evidence bearing on the question whether the plaintiff was in the exercise of due care, we do

not decide whether the plaintiff might have gone to the jury on this part of her case if her evidence had been sufficient in other particulars.

The place was not far from the plaintiff's home, on an important street with which, presumably, she was familiar. The accident happened at about half past four o'clock on a summer day. She testified " that she was going leisurely before she fell." There was no car that caused her any hurry, and there was nothing to disturb her or distract her attention. She testified that she noticed where she placed her feet as she was approaching, and, in reply to this question of her counsel, " Did you notice this projection here of this frog, as you call it, before you tripped against it?" she answered, " Yes." We are of opinion that, as she was walking under such conditions and noticing the projection of the frog, there was no evidence on which the jury could find that she was in the exercise of due care in striking her foot against the frog in such a way as to throw her down. She not only knew that she was walking across the travelled part of the street, used by ordinary teams and occupied by a railway track, but she then noticed the particular obstruction of which she complains, and instead of stepping over it, she carelessly struck her foot against it, seemingly with a great deal of force. There was no evidence that she was in the exercise of due care. *Ware* v. *Evangelical Baptist Society,* 181 Mass. 285. *Falkins* v. *Boston Elevated Railway,* 188 Mass. 153. *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220. *Hilborn* v. *Boston & Northern Street Railway,* 191 Mass. 14.

*Exceptions overruled.*