ABBIE I. THEALL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 12, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Boston Elevated Railway Company. Boston Transit Commission. Negligence, In subway, In use of escalator.*

At the trial of an action by a passenger against the Boston Elevated Railway Company for injuries received while using an escalator in the Washington Street tunnel, there was evidence tending to show that the accident was the first of its kind that had happened, and that it was due to the fact that the type of escalator used was unsafe and dangerous. It appeared that the escalator was constructed by the Boston Transit Commission under the provisions of St. 1902, c. 534, and that before its completion the agreement provided for in § 10 of that statute had been made for a lease of the tunnel to the defendant. The chief engineer of the commission testified that before the type of escalator in question was adopted the commission had consulted with the defendant who had assented to its use. The plaintiff offered to show that there was another type of escalator which did not have the unsafe features of the one upon which her injuries were received. The trial judge excluded the evidence and ordered a verdict for the defendant. *Held,* that the action of the judge was proper, as there was no evidence that the defendant was responsible for the adoption or use of the escalator in question.

TORT for personal injuries, received while using an escalator in the State Street station of the Washington Street tunnel in

Boston and alleged to have been caused because the escalator was "an unsafe and dangerous appliance or contrivance." Writ dated July 8, 1909.

In the Superior Court the case was tried before *Fessenden,* J. It appeared that the escalator in question was of a type called the "Reno." After having offered evidence tending to show that it was by nature unsafe and dangerous, the plaintiff offered to show that there was another type of moving stairway in use which was free from the objectionable features which, she contended, the "Reno" had. The evidence was excluded subject to an exception by the plaintiff. Other facts are stated in the opinion. The Carson there referred to was Howard A. Carson, chief engineer of the Boston Transit Commission. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*R. E. Buffum,* for the plaintiff.

*F. M. Ives,* for the defendant.

LORING, J. The injury here complained of happened as the plaintiff reached the top of an escalator or moving stairway, part of the State Street station of the Washington Street tunnel, and was caused by the mechanism of the escalator. The defendant introduced evidence that the Washington Street tunnel, including this escalator or moving stairway, was the property of the city of Boston, constructed by the Boston Transit Commission under St. 1902, c. 534, and leased to the defendant railway company under § 10 of that act. Section 10 of that act (St. 1902, c. 534) provided that the transit commission should make a contract with the defendant railway for the lease of the subway within ninety days of the passage of the act, and the act was not to take effect unless adopted by the citizens of Boston, after such a contract of lease had been made with the defendant railway. The defendant further offered evidence that under the lease it had no right without leave from the transit commission to make any change in the tunnel, including the escalator. When the evidence or nearly all the evidence was in, the presiding judge asked the counsel for the plaintiff if he now questioned the fact that the escalator had been installed by the commission and that the defendant had nothing to do with the installation of it. To which the counsel answered that he did not dispute that except for the further ques-

tion raised by the testimony of Mr. Carson. On cross-examination Carson had testified that the transit commission had consulted with the officials of the defendant railway and that they assented to the type of escalator which was adopted by the transit commission, and that the defendant railway never had asked to have the escalator changed.

The contract for a lease of the Washington Street tunnel had to be made by the defendant railway before the act authorizing the construction of it was submitted to the voters of Boston for adoption or rejection. In other words the lease taken by the defendant was a lease of a tunnel thereafter to be constructed not by them but by the transit commission. It follows that if there was negligence in adopting the kind of escalator which was adopted, it was not the negligence of the defendant railway but of the transit commission who had sole and final control of the matter. There was no negligence on the part of the defendant railway in not asking the transit commission to make a change in the escalator, for it appeared that this was the first accident that had happened. Carson's testimony that the officials of the railway had been consulted as to the adoption of this type of escalator did not give rise to any question of fact. It is plain that what the transit commission did was an act of courtesy and that they did not share or delegate the power and the consequent responsibility committed to and put upon them by St. 1902, c. 534. Under these circumstances, even if there was negligence in adopting the type of escalator adopted, it was not the defendant's negligence. See in this connection *Falkins* v. *Boston Elevated Railway,* 188 Mass. 153; *Hilborn* v. *Boston & Northern Street Railway,* 191 Mass. 14; *Anshen* v. *Boston Elevated Railway,* 205 Mass. 32. In such a case the rule has no application, that one who having the choice of selection voluntarily uses the property of another in his business makes it his for the purpose of that business, as was laid down in *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, at p. 350, and in the other cases cited by the plaintiff.

It follows that there was no error in excluding evidence that there were other types of escalators. We do not intimate that had it not been for this that evidence would have been admissible.

*Exceptions overruled.*