## JENNIE L. POLLAND

*vs.*

## GRAND TRUNK RAILWAY COMPANY OF CANADA.

### Cumberland.   Opinion October 27, 1914.

*Accident.   Defect.   Due Care.   Negligence.   Platform.   Ordinary Care.*

1.   In such a case as the one at bar, care in the highest degree was not required of the defendant, nor was the same degree of care required as that owed to a passenger in a moving train.

2.   The defendant was not required to maintain absolutely safe conditions, but its only duty was to exercise ordinary care and to maintain its platform in such reasonably safe and suitable condition that passengers, who were themselves in the exercise of ordinary care, could safely alight from the train.

On report.   Judgment for defendant.

Action on the case to recover damages for personal injuries to the plaintiff, sustained by her while alighting from one of the defendant's passenger cars at the Grand Trunk Terminal in Portland, Maine, April 6, 1912.   Plea, general issue.   The case, at the close of the testimony introduced by plaintiff at January term, 1914, of Supreme Judicial Court, was reported to the Law Court upon this stipulation;—"If the Law Court is of the opinion upon such evidence that the case should have gone to the jury, then the case is to stand for trial; otherwise, it is to direct judgment for the defendant."

The case is stated in the opinion.

*Charles J. Nichols, and William A. Connellan,* for plaintiff.

*Clarence A. Hight, and Harry P. Sweetsir,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.   Action on the case to recover for damages suffered by plaintiff on account of the alleged negligence of the defendant.

The cause comes to this court on report for decision upon so much of the evidence as is legally admissible. If this court is of the opinion that upon such evidence the case should have gone to the jury then the case is to stand for trial, otherwise judgment is to be directed for the defendant.

On April 6th, 1912, at about five o'clock in the afternoon the plaintiff became a passenger for hire on defendant's train, boarding the same at South Paris, and riding to Portland where she arrived about seven o'clock in the evening. On her arrival, while in the act of leaving the train after it had come to a full stop at Portland, which is the terminal of the trip, she fell between the lower step of the car and the edge of the platform and suffered a fracture of one leg.

The negligence complained of by the plaintiff is variously stated in the different counts of her writ but may be epitomized thus, that the platform was insufficiently illuminated at the point where she alighted from the car, and that the construction of the platform, relative to its distance from the lower step of the car, was improper and unsafe. It appears that measurements were taken by an engineer, and also by the jury which viewed the locus of the accident, and the report is as follows; the measurements of the engineer show that a vertical line from the outer edge of the platform, intersecting a horizontal line from the outer edge of the lower car step would show the vertical line to be thirteen and five-eighths inches long and the horizontal line seven and one-half inches; that the vertical measurement of the jury was the same as that of the engineer but the horizontal measurement of the jury was ten and three-quarters inches. In other words the distance from the outer edge of the lower car step to the outer edge of the platform was the hypothenuse of a right triangle whose perpendicular is thirteen and five-eighths inches and whose base is either seven and one-half inches or ten and three-quarters inches. It seems to be conceded that from the outer edge of the platform to the ground was a distance of twelve and one-half inches. These conditions constitute the alleged defects in the construction of the platform relative to its distance from the lower step of the car.

As to the sufficiency of light we must confine ourselves to the testimony of the plaintiff. Mrs. Hall was not present when the accident happened and the other witnesses only testified as to experimental conditions and as it was not shown that their experiments were con-

ducted under circumstances sufficiently similar to those which existed at the time of the accident, we do not consider their testimony admissible.

The plaintiff says that it was dark and she couldn't see much but says she saw the platform, the outline of the platform, and the conductor, but did not see the outline of the platform "perfectly plain." She also testified that she didn't look down to see the edge of the platform.

Considerable testimony was introduced to show different methods of platform construction on other railroads, but no standard of construction applicable to various conditions was shown.

In such a case as the one at bar care in the highest degree was not required of the defendant, nor was the same degree of care required as that owed to a passenger in a moving train. The defendant was not required to maintain absolutely safe conditions but its only duty was to exercise ordinary care and to maintain its platform in such a reasonably safe and suitable condition that passengers who were themselves in the exercise of ordinary care could safely alight from the train. *Maxfield* v. *M. C. R. R. Co.*, 100 Maine, 79.

Without further statement or analysis of the testimony it does not seem to us that the defendant was shown to be guilty of actionable negligence and there is also grave doubt whether the plaintiff was in the exercise of due and reasonable care, for if she had been it would seem most likely that she could have safely alighted.

In accordance with the stipulation of the report the entry must be,

*Judgment for the defendant.*