SARAH SELIGSON *vs.* BAY STATE STREET RAILWAY COMPANY.

Bristol.    October 26, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.    *Carrier,* Of passengers.

It is the duty of a street railway corporation as a common carrier of passengers to exercise the highest degree of care, which is consistent with its like duty to the other passengers on such car, to afford a passenger who wishes to alight from one of its cars at a regular stopping place a reasonable opportunity to do so.

In an action against a street railway corporation for personal injuries sustained by a girl fourteen years of age when she was a passenger on an open car of the defendant and was attempting to alight at a regular stopping place, it appeared that the car was very crowded, that the plaintiff had been sitting on the back seat immediately in front of the rear platform of the car, that passengers were standing on the running board and that, when the car came to a stop at the plaintiff's destination, the passengers on the running board kept pushing backward and forward and would not move to let her pass although she asked them

to do so, that after trying in vain for three minutes she saw a small space on the running board where she thought she could place her foot, but that before her foot reached the running board another foot was in the space and her foot came down on it and turned and she fell and broke her ankle, and that during all this time the conductor was on the rear platform and did not help her in any way. *Held,* that the plaintiff was entitled to go to the jury.

TORT by a minor, by her next friend, for personal injuries sustained on the morning of Sunday August 3, 1913, when the plaintiff was a passenger on an open electric street railway car of the defendant and was attempting to alight at the corner of North Main Street and Lincoln Avenue in Fall River, which is known as "the depot stopping place for cars which do not enter the grounds of the New York, New Haven, and Hartford Railroad Company." Writ dated August 14, 1913.

In the Superior Court the case was tried before *McLaughlin,* J. The facts which could have been found in favor of the plaintiff upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for it. This the judge refused to do, and submitted the case to the jury with instructions to which no exceptions were taken. The jury returned a verdict for the plaintiff in the sum of $657; and the defendant alleged exceptions.

*J. T. Swift,* for the defendant.

*D. R. Radovsky,* for the plaintiff.

LORING, J. There was a direct conflict between the evidence introduced by the plaintiff and that introduced by the defendant in this action, but the jury were warranted in finding that the facts of the case were in substance as follows: On a Sunday morning in the summer a girl fourteen years of age boarded an open car of the defendant to go to the "depot stopping place for cars which do not enter the grounds of the New York, New Haven, and Hartford Railroad Company." She sat down at the farther end of the rear seat, being the seat immediately in front of the rear platform. The seat which she took was the last empty seat in the car. At the transfer station at the City Hall, which the car reached before it came to the "depot stopping place," a number of persons got on the car. All the seats in the car being full (as we have already said) those persons had to and did stand on the running board. When the car reached the "depot stopping place" the plaintiff stood up and moved across to the end of the rear seat

in order to get off.  But the people on the running board would
not move although she asked them to move away and let her pass.
"They kept laughing and they kept pushing toward the front
and toward the rear; they kept pushing toward the back on the
running board; none of them got off; they tried to push; before
I vacated my seat they tried to get it; . . . the conductor was on
the rear platform; he gave no signal at all; did not help me in
any way."  After the car had been standing for three minutes and
she had failed to secure an opportunity to alight, (in the words of
her testimony) she "found a small space enough that I could put
my foot on, and while I was getting my foot out they kept pushing
forward and backwards on the running board, and before I had
my foot down that space was taken by a foot; my foot stepped on
that foot, and my foot turned and I fell down; I broke my ankle."

It is the duty of à common carrier to exercise the highest degree
of care (which is consistent with its equal duty to its other pas-
sengers) to afford a passenger who wishes to alight at a stopping
place at which its car has stopped a reasonable opportunity
to do so.   See for example *Jacobs* v. *West End Street Railway*, 178
Mass. 116, 119; *McCumber* v. *Boston Elevated Railway*, 207 Mass.
559, 562.   In the case at bar the jury were warranted in finding
that the conductor who was on the rear platform saw or ought to
have seen what took place as stated above.   And they·were war-
ranted in making the further finding that he was negligent in not
seeing to it that the plaintiff had an opportunity to step down on
to the running board and from there to the ground in alighting
from the car.

The defendant's main contention is founded on the fact that
the plaintiff in her cross examination testified: "that she did not
think there was any disorder on the car; that everybody seemed
to be orderly; everybody behaving themselves."   And in that
connection it relies upon what was said by this court in *McCumber*
v. *Boston Elevated Railway*, 207 Mass. 559, 562.   But that was a
case in which the plaintiff was pushed off a car by other passengers
and it was in that connection that this court said that "there is
nothing in the evidence to indicate that the passengers inside the
car were turbulent or disorderly in any respect. . . . The plain-
tiff does not show any conduct on the part of other passengers
which would naturally have caused a careful conductor to appre-

hend violence or disorder on their part or disregard by them of the rights of the plaintiff as a fellow passenger. That there was some pushing in the effort to pass the plaintiff is not significant. It is only when done in a disorderly way that it becomes of consequence." There are somewhat similar remarks in *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220, 222. What was said in *McCumber* v. *Boston Elevated Railway, ubi supra,* does not apply to the case at bar where the plaintiff, who had been blocked for three minutes by other passengers standing in her way, was forced to push her way through the block without the conductor making any effort to assist her in alighting.

There is nothing in the other cases cited by the defendant which requires special notice.

The entry must be

*Exceptions overruled.*