MARGARET HANSBURY, PLAINTIFF-APPELLANT, v. HUDSON AND MANHATTAN RAILWAY COMPANY, DEFENDANT-APPELLEE.

Submitted January 16, 1940—Decided May 13, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellant, *DeGraw & Murray* (*Norbury C. Murray*, of counsel).

For the defendant-appellee, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal by the plaintiff below from a judgment of nonsuit entered in behalf of the defendant-appellee in the District Court. The complaint charged that on December 23d, 1938, the plaintiff was a passenger on one of defendant's trains operated between the city of New York and the city of Hoboken, New Jersey. It further charged the plaintiff was injured while alighting from the train to the platform of the defendant's station. The specific negligence alleged was: "On or about said date, while such

passenger, plaintiff was injured by the negligence of the defendant in that the defendant stopped the train whereon plaintiff was a passenger and caused plaintiff to alight therefrom in the city of Hoboken, at a place which was unsafe for alighting passengers, in that there was a dangerously wide space between the door of the passenger car from which plaintiff was alighting and the platform whereon the defendant caused the plaintiff to alight, and in that the defendant failed to warn the plaintiff of the existence of such space."

At the close of the plaintiff's case the court below granted a nonsuit because of the plaintiff's failure to prove any negligence on the part of the defendant. The defendant here argues that the court below did not err in entering judgment of nonsuit against the plaintiff and did not err in refusing to permit the plaintiff to answer a question propounded by her counsel.

We believe that the court below did not err in entering a judgment of nonsuit against the plaintiff.

The facts were not in dispute. The plaintiff boarded one of the defendant's trains at New York City. She was a passenger in the last car. This train stopped at Hoboken about six-forty P. M., after the rush was over. When the train arrived at Hoboken, it came to a full stop and she started to alight. The car in which she was riding was not crowded and only two or three people were ahead of her as she started to walk to the door. A woman who was walking immediately ahead of her stumbled when she was at the doorway. The plaintiff then attempted to walk out. The train had stopped at the platform almost opposite the dispatcher's office and at that place there was a space possibly thirteen inches wide between the platform and the car. She started to step from the car to the platform and her left leg went down in this space and was injured. At that point the platform was not straight but curved.

As stated *supra* the defendant was charged with negligence in failing to provide the plaintiff with a safe place in order that she might alight from the car on which she was a passenger. The record is barren of any testimony which would show that the defendant improperly constructed its station

platform or improperly constructed the car on which the plaintiff was a passenger and under this fact situation the question here presented is whether or not the defendant violated any duty that it owed to the plaintiff.

The facts presented in the case *sub judice* come squarely within the facts of *Kingsley* v. *Delaware, Lackawanna and Western Railroad Co.,* 81 *N. J. L.* 536. In the Kingsley case it appeared that the plaintiff, while attempting to leave the defendant's passenger coach in the terminal at Hoboken, misjudged the distance between the step of the car and the station platform and instead of placing her foot upon the platform set it between the step and the platform causing the injuries for which the suit was brought. The action in the Kingsley case, as in the case *sub judici,* was predicated upon the legal theory that the defendant in disregard of its duty did not furnish a reasonably safe place in which to alight. A judgment of nonsuit was entered and an appeal taken to the Court of Errors and Appeals. In affirming the judgment the court said: "In the final analysis, the testimony in the case at bar demonstrates simply a difference of construction between the defendant's car and platform and some of the cars and platforms of other companies; but, upon legal principle, until that difference can be transmuted into a legal generalization indicating a variation from the existence of a standard type, the departure from which by the defendant might be construed as imprudent and negligent, and by which a criterion of duty may be established, the damage incurred under circumstances such as are presented in the case at bar must be held to be *damnum sine injuria* and can impose no liability upon the defendant."

In the Kingsley case the court adopted the reasoning and decisions in various cases in other courts of last resort, among others, *Hilborn* v. *Boston and N. St. Ry. Co.,* 191 *Mass.* 14; 77 *N. E. Rep.* 646. There the plaintiff was a passenger in one of defendant's cars and received injuries while alighting from the car at one of its subway stations. The station platform had a curve at the south end. The car in which the plaintiff was a passenger did not stop at the straight portion of the platform but stopped at the curved portion. The dis-

tance between the car and the platform at the point where the plaintiff attempted to alight was, according to actual measurements by a civil engineer, fourteen and one-half inches. While stepping from the car the plaintiff fell into the space between the car and the platform. The plaintiff obtained a verdict in the trial court and on appeal to the Supreme Judicial Court of Massachusetts the plaintiff argued that the defendant railroad company might have been found to be negligent in not stopping its car along the straight edge of the platform and in failing to warn the plaintiff of the unusual width of space between the car and the platform. In reversing the trial court the Supreme Court through Sheldon, J., said: "* * * But it is argued that it might have been found to be negligent in not stopping the car along the straight edge of the platform, * * * and in failing to warn the plaintiff of the unusual width of the space between the car and the platform. * * * There was no evidence that this car was not stopped in the proper place assigned for that purpose. * * * Nor can it be said that it is negligent to stop a car at a platform on a curve. (Citing cases.) The burden is on the plaintiff to show negligence of the defendant; and it cannot be assumed without some proof. * * * It is not negligence for the servants of a street railway company in charge of a car to fail to give notice of the existence of a space between the step of a car and the platform." (Citing cases.)

Again, in the Kingsley case our Court of Errors and Appeals relied upon and followed the case of *Ryan* v. *Manhattan Railway Co.,* 121 *N. Y.* 126; 23 *N. E. Rep.* 1131. There the defendant railway company was charged with negligence in that it left an improper and dangerous opening in the pathway of its passengers without necessity therefor. It appeared that the platform was built on a curve so that a car touched it at a tangent. The plaintiff's proof showed that the distance between the edge of the car and the platform was about fifteen inches, more or less. In attempting to board the train she stepped into the open space, her foot going down into the space without touching either platform. The trial court allowed the case to go to the jury and a verdict was rendered

in favor of the plaintiff. The Court of Appeals of New York reversed the trial court, saying at page 1131 (*N. E. Rep.*) among other things: "* * * the negligence averred rests upon the existence of the opening itself as being wider than prudence permitted, or necessity required. Concededly some opening was necessary. * * * A perfectly straight line cannot everywhere be constructed. * * * Curves, therefore, are necessary and their presence justifiable. No negligence can be founded upon their existence."

From the foregoing testimony and a resume of cases (more particularly the Kingsley case which is certainly controlling here) it is apparent that the defendant violated no duty which it owed to the plaintiff. There being no evidence of any negligence on the part of the defendant in the construction of its platform or cars it must be assumed that the platform and cars were constructed in a proper manner. It is obvious, therefore, that the court below was entirely justified in entering a judgment of nonsuit against the plaintiff, for to permit a jury to pass upon the alleged negligence of the defendant simply because there was proof of the existence of a space between its car and the platform would require the jury to substitute its judgment for the judgment of the railroad managers and subject the railroad company to the danger of being guilty of negligence no matter what plan it adopted in the construction of its platform and cars. *Traphagen* v. *Erie Railroad Co.* (*Court of Errors and Appeals*), 73 *N. J. L.* 759. In the instant case the defendant was not charged with any negligent operation of its train but was charged only with the violation of an alleged duty in the creation of a space between the car and platform. There being no evidence of any negligence in the construction of either the car or the platform it is evident that it violated no duty owed to the plaintiff.

On this phase of the case it remains for us to examine the contention of the plaintiff that the Kingsley case has been abrogated by subsequent decisions of *Gore* v. *Delaware, Lackawanna and Western Railroad Co.*, 89 *N. J. L.* 224; *Napodensky* v. *West Jersey and Seashore Railroad Co.*, 85 *Id.* 336; *Eggert* v. *Mutual Grocery Co.*, 111 *Id.* 502; *Munroe*

v. *Pennsylvania Railroad Co.,* 85 *Id.* 688; *Martin* v. *West Jersey and Seashore Railroad Co.,* 87 *Id.* 648, and *Steinberg* v. *Bogatin Dyers and Cleaners, Inc.,* 105 *Id.* 294. However, it is obvious from an examination of these cases that the Kingsley case, although cited in various decisions was never overruled, but in fact has been strictly adhered to to the present day. None of the decisions cited by appellant, as will be hereinafter shown, required any court to pass upon the duty owed by a defendant to a plaintiff because of improper construction. Thus, in the Gore case, *supra,* the testimony showed that the plaintiff was injured when she stepped out of the car in which she was riding on to a car platform and stood on the bottom step of the defendant's train. She then took hold of the rail with her right hand and reached down the step with her left foot as far as she could, and then letting go with her hand her foot descended a long distance before striking the rough surface of a Belgian block pavement which caused her to lose her balance and fall. The opinion makes no mention of the Kingsley case and in fact no cases are cited at all. In the Napodensky case, *supra,* the plaintiff's decedent was struck by a train and killed. In the Munroe case the plaintiff's decedent was killed with a train creating a suction which drew the deceased along a station platform causing injuries which resulted in his death. In the Eggert case the plaintiff sustained his injuries as a result of falling into an open elevator shaft. In the Martin case the defendant's train instead of stopping at the station stopped some distance down the track from which point no effort was made to bring it back to the station platform. . Train hands alighted with lanterns and waved them. The plaintiff assumed that he was being invited to go down the track and board the train. In doing so he fell through a trestle over which the train, unknown to him, was standing. In the Steinberg case the plaintiff fell into an opening in the floor of a passageway which was unlighted. It is seen, therefore, that the Kingsley case had not been abrogated or overruled.

We have pointed out that the mere fact that the defendant stopped its train on a curved portion of the platform rather than at a straight portion is not negligence *per se.* Moreover,

the fact that a space existed between the car of the defendant's train and the station platform was no evidence of negligence, in the absence of proof of improper construction of either the platform or the car.

Finally, we think it clear that the court did not err in overruling a question put to the plaintiff. The question was plainly immaterial and irrelevant.

The judgment below will be affirmed, with costs.