Shubow, J.
The plaintiff was injured while boarding a rapid transit train at the Wollaston station of the defendant carrier (MBTA). She was injured, she claims, because of the variance in height between the floor of the train and the passenger platform and because of the lateral spacebetween the platform and the doorway of the train.
The trial judge’s findings[1] were as follows:
I find that on 6/2/84 as the plaintiff boarded a train at Wollaston Station, the floor of the train was approximately 2 inches higher than the platform and a gap of at least 6 inches existed between the platform and the floor of the train causing the plaintiff to stumble.
Her left leg went into the gap injuring the plaintiffs said leg
The defective condition was not reasonably apparent to the plaintiff and the defendant knew, or should have known, that the plaintiff would not perceive the said defective condition.
I further find that the negligence of the defendant exceeded that of the plaintiff.
In its requests for rulings the defendant sought in various ways to obtain a ruling that the lateral gap and height variance'did not, as a matter of law, show negligence or otherwise allow for imposition of liability. Because we conclude that the deendant’s view of the law is fully consistent with the authorities in this jurisdiction, there is little to be gained from review of the individual requests.
As plaintiffs counsel concedes, it has long been established that negligence cannot be made out by establishing a horizontal gap of as little as three inches or as much as fifteen inches. See Willworth v. Boston Elevated Railway Co., 188 Mass. 220, 222 (1905); Hilborn v. Boston and Northern Street Railway Company, 191 Mass. 14, 17 (1906); Anshen v. Boston Elevated Railway, 205 Mass. 32, 36 (1910), MacGilvray v. Boston Elevated Railway Co., 229 Mass. 65, *33 68 (1918). Additional cases are collected in an annotation captioned “Width or Design of Lateral Space Between Passenger Loading Platform and Car Entrance As Affecting Carrier’s Liability to Passenger For Injuries Incurred From Falling Into Space” at 28 ALR4th 749. The cases reiterate the common sense idea that some greater or less space between platform and entrance to a train is unavoidable and to be expected as a necessary circumstance accompanying the swaying and movement of vehicles on a track and cannot in and of itself constitute negligence.
But the plaintiff argues that a horizontal gap when accompanied by a variation in height presents a different situation. No Massachusetts authority is cited. At the trial no evidence was offered, expert or otherwise, suggesting what standard, if any, is recognized by carriers, or whether any consensus exists as what degree of height differential is reasonable. (For a recent case involving the use of expert testimony, see Martel v. Massachusetts Bay Transportation Authority, 403 Mass. 1, 3 [1988].) Common experience teaches that entering upon or alighting from public carriers usually involves stepping up or down from vehicle to street, from elevator to floor, from moving escalator to stationary surface, or vice versa.
“The burden is on the plaintiff to show negligence of the defendant; and it cannot be assumed without some proof "Hilborn, supra, at 18.[2]
In the absence of any evidence of industry construction standards, design criteria or customary practices, or of the physical characteristics of other similar stations, or expert opinions[3] or history of like accidents at the locus, we see no factual basis for finding that conditions at the Wollaston station were atypical, much less unreasonably dangerous.
It follows that the finding of a defective condition calling for a warning by the defendant was error. There is no other rationale to support a finding of negligence. The defendant’s requests for ruling that the measurements established were insufficient to impose liability on it should have been allowed. The judgment for the plaintiff is reversed. A new judgment is to enter in favor of the defendant.

 The evidence summarized in the Report varies somewhat from the findings. The only evidence given as to the pertinent measurements on the date of the accident came from the plaintiffs husband who testified that in his opinion the floor of the train “was approximately one to two inches higher than the level of the platform” and “that in his opinion, the space between the side of the train and the edge of the platform was approximately five to eight inches." Because the trial judge either gave no weight to or considered irrelevant considerable testimony that the situation existing at the time of the accident was different from that at other times, we do not consider the plaintiffs references to measurements on other occasions suggesting that conditions varied from time to time. In any event, the defendant in its brief “concedes” the existence of the six inch gap and two inch height difference (P-8).

 This case involved stepping down from a car to a platform sixteen to eighteen inches distant and is the only Massach usetts case brought to our notice where the passenger was required to engage in a simultaneous horizontal and vertical maneuver. Nevertheless, the court citing numerous precedents held “that the existence of the space afforded no evidence of negligence" (p. 19). See also, Polland v. Grand T.R. Co., 112 Me. 286, 92 A. 38 (1914); Gabriel v. Long I. R. Co., 66 N.Y.S. 301 (1900). Cf. Molloy v. Chicago Rapid Transit Co., 335 Ill. 164 (1929), and Tobin v. Pennsylvania R. Co., 69 App.D.C. 262 (1938).

 Neither Harrington v. Boston Elevated Railway Company, 221 Mass. 299 (1915), nor a subsequent decision at 229 Mass. 421 (1918) help the plaintiff. Both cases are distinguishable for, among other things, the role of expert evidence.