# ROSE N. HANRAHAN, RESPONDENT, *v.* THE MANHATTAN RAILWAY COMPANY, APPELLANT.

*Passenger falling between the cars and a station platform on an elevated railroad — duty of the passenger to use reasonable care.*

In an action, brought to recover damages for injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant, an elevated railroad company, it appeared that the plaintiff attempted to board one of the trains of the defendant which was moving down towards its station, at the intersection of Fifty-third street and Eighth avenue, in New York city. According to the plaintiff's evidence there were a few passengers in front of her, the nearest being a woman who was about a foot ahead, going towards the same car platform. When the plaintiff reached the edge of the platform the woman's dress covered the open space which necessarily existed between the car platform and the station platform. The plaintiff, as she was about stepping on the car platform, stubbed her toe against the side of the car platform, which was some inches higher than the station platform, and her leg fell in the space between the car platform and the station platform and she was severely injured.

The proof showed that there must be some space between the cars and the platform, and that, because of difference of load, and stiffness and newness of springs, some cars will be higher than others over the level of the platform.

Evidence was offered to show that accidents had happened at other stations from persons slipping in between the cars and the platform, and it was claimed, as a consequence thereof, that the construction of the platform or the operation of the road was thereby shown to be negligent.

*Held,* that this evidence was clearly admissible, and that the fact that such accidents did happen was sufficient to call the attention of the defendant to the fact that there was danger in the maintenance of such appliances.

That if, however, notwithstanding the fact of this notice by the happening of accidents, the structure was of such a character that defendant's passengers would be uninjured if they used reasonable care in boarding the cars of the defendant, then the mere happening of these accidents was not proof of negligence.

That the passenger was just as much bound to use reasonable care in boarding the car as the defendant was bound to use reasonable care in the construction and maintenance of the platforms of the cars and of the station.

That as the plaintiff had been going up and down the defendant's road for years, and must have known that an open space existed, and knew that she would have to cross that space, and stepped forward to put her foot on the platform of the car while the whole space was, as she testified, covered by a passenger's dress, so that she could not see whether she was putting her foot upon the platform or in the open space, she was guilty of contributory negligence.

Motion for a new trial, in an action tried at the New York Circuit on December 6, 1888, in which a verdict was rendered for the plaintiff, and the exceptions of the defendant were directed to be heard in the first instance at the General Term, and the judgment to be in the meantime suspended.

*E. S. Rapallo*, for the appellant.

*Charles Strauss*, for the respondent.

Van Brunt, P. J.:

The defendant is a corporation duly organized under the laws of the state of New York, and is engaged in the carriage of passengers upon its elevated railways in the city of New York. On the 25th day of August, 1886, the plaintiff, having duly paid her fare as a passenger, attempted to board one of the trains of the defendant going down towards its station at the intersection of Fifty-third street and Eighth avenue. According to the plaintiff's evidence there were a few passengers in front of her, the nearest being a woman who was about a foot ahead, going toward the same car platform. As they reached the edge of the platform the woman's dress covered the open space which necessarily exists between the car platform and the station platform. The plaintiff as she was about stepping on to the car platform stubbed her toe against the side of the car platform, which was some inches higher than the station platform, and her leg fell into the space between the car platform and the station platform and was severely injured. The plaintiff had been a frequent passenger upon the defendant's cars and had always used this station. The conductor of the train and the gateman of the station are both positive that the plaintiff was the only passenger who attempted to board the train at this point, thus contradicting the plaintiff's statement that the space between the car and platform was covered by a preceding woman's dress. Upon the trial the contention upon the part of the defendant was that there was no evidence that it had not exercised ordinary care in the construction of its cars and station platform, and that there was proof that the plaintiff had not used reasonable care in boarding the cars, as she knew that there was a space between the car and platform, and she knew that the car platform was higher than the station platform

and did not look where she was stepping, but looked straight ahead while she was boarding the car.

The proof shows, without dispute, that there must be some space between the cars and the platform, and that, because of difference of load and stiffness and newness of springs, some cars will be higher than others over the level of the platform.

It is conceded by the respondent that the defendant was not bound to use the highest diligence in this respect, but that it was only bound to use ordinary care. This is the rule laid down in the case of *Lafflin* v. *Buffalo and Southwestern Railroad Company* (106 N. Y., 136). The court say : "It (the defendant) was not bound so to construct this platform as to make accidents to passengers using the same impossible, or to use the highest degree of diligence to make it safe, convenient and useful; it was bound simply to exercise ordinary care in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it was devoted."

The evidence in this case shows that there must be some space between the platform and the cars ; that the road cannot be operated without it, and that a space of three and one-half to four inches would not be unreasonable, which in practice would vary from two and one-half to six inches or more. To meet this evidence there was proof offered to show that accidents had happened at other stations from persons slipping in between the cars and the platform, and it was argued that, therefore, the construction of the platform or the operation of the road was shown to be negligent, and, also, that at the South Ferry station a movable platform was used which shoved out when the train was at rest. Upon the part of the defendant it was shown that there was only one station at which such an appliance was used, and that it was there used because the cars stood upon a curve and were thrown from the platform, and that this station being a terminal one, the cars could be stopped at one spot, which could not be done at every station without great loss of time.

The evidence as to the happening of similar accidents was clearly admissible, and it was not necessary to show all the particulars attending the happening of the accidents. The fact that such accidents did happen was sufficient to call the attention of the defendant

to the fact that there was danger in the maintenance of such appliances; that their passengers were in danger during their use, and, consequently, the defendant could not claim exemption, because there had been nothing to call its attention to the dangers which its passengers ran.

If, however, notwithstanding the fact of this notice by the happening of accidents, the structure was of such a character that its passengers were safe if they used reasonable care in boarding the cars of the defendant, then the mere happening of these accidents was no proof of negligence.   The passenger is just as much bound to use reasonable care in boarding a car as the defendant is bound to use reasonable care in the construction and maintenance of the platforms of the cars and stations; and if the passenger does not use such reasonable care in boarding a car, clearly no recovery can be had. It is clear that the plaintiff had no reason to expect to find a solid space between the car and the station.   She had been going up and down that road for years and must have known that an open space existed, and she knew that she would have to cross that space, and yet she stepped forward to put her foot upon the platform of the car while the whole space was, as she says, covered by a previous passenger's dress, and she, therefore, could not see whether she was putting her foot upon the platform or in the open space between, and, in fact, this circumstance is offered as an excuse for the plaintiff not seeing, although there is no evidence that she looked where she should put her foot, in consequence of which she stumbled.

The proximate cause of the accident would thus seem to be the long dress of the passenger which covered the space alleged to be dangerous, which the plaintiff knew to be there, and which she knew she must step over to board the train in safety, and which she did not do because it was covered by the long dress of the preceding passenger.   If a person walking along a sidewalk which he ordinarily has the right to assume is fit for traveling, but in which, in this instance, he knows that there is a hole into which if he falls he will break his leg, and he walks right on and attempts to step over it, without looking whether he is putting his foot over the hole or into it, and he puts his foot into it, he cannot be said to use ordinary care, or any care at all.   This seems to have been the degree of care used by the plaintiff; she knew this space existed between

the car and the platform of the station; she also knew that she must step over this space and upon the car platform, and yet it does not appear that she looked when she was stepping or took any precautions whatever to avoid the evident results of stepping between the car and the station.

In the case of *Palmer* v. *Pennsylvania Company* (111 N. Y. 488), the plaintiff had been injured by slipping upon the ice upon the platform of the car. The court held that he was guilty of contributory negligence, because knowing that the platform was slippery the plaintiff walked fearlessly over it without availing himself of hand-rails within his reach on both sides of the platform; and the court laid down the rule that the same duty which rested upon the defendant in that case to see and remove this obstruction rested upon the plaintiff with still greater force to guard himself from injury while passing over it. Applying this rule to the case at bar, the imperative duty seems to have been cast upon the plaintiff to look where she was stepping, as she knew that there was a space to be cleared, and if she failed to do so that she ran the risk of injury. But she went straight ahead without looking, or if she did look, could not see because a preceding passenger had a long dress.

The case of *Dubois* v. *City of Kingston* (102 N. Y., 219), illustrates this principle where the plaintiff was held to be guilty of negligence in stumbling upon a stepping stone upon the sidewalk, because, being well acquainted with the locality, had he been careful in exercising his faculties he could have avoided the accident. We cannot see how, upon this state of the facts, the plaintiff can be said to have shown that she used ordinary care in boarding the car, as it distinctly appears that in so doing she used, if we may use the expression, ordinary negligence.

The exceptions should be sustained, and the verdict set aside and a new trial ordered, with costs to defendant to abide the final event.

DANIELS and BARRETT, JJ., concurred.

Exceptions sustained, new trial ordered, costs to appellant to abide event.