(54 App. Div. 41.)

## GABRIEL v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   October 5, 1900.)

1. CARRIERS—INJURY TO PASSENGER—DEFECTIVE PLATFORM AT STATION.

The fact that a platform at a railroad station was 14 inches below the step of a car and 6 inches distant from such step horizontally does not alone establish negligence upon the part of the company, which will render it liable for an injury resulting to a passenger from stepping between the step and platform in alighting from the car, in the absence of other evidence that such construction is unusual, faulty, or dangerous, or has resulted in injury to others.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where a passenger, in alighting from a car, after placing one foot safely on the platform, stepped with the other between the platform and the step, where there was a horizontal space of six inches, and fell, receiving an injury, his own freedom from negligence is not so clearly shown as to entitle him to claim that the injury was due to the faulty construction of the platform.

Appeal from trial term, Queens county.

Action by Louis Gabriel against the Long Island Railroad Company. Judgment for defendant, and plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William McArthur, for appellant.
William J. Kelly, for respondent.

GOODRICH, P. J.   The plaintiff sues to recover damages sustained by him in alighting from a car of the defendant at its station in Long Island City, on January 30, 1898, at "shortly after 5 o'clock" in the afternoon.   The sun set that night at 16 minutes after 5.   The complaint alleged that, "while he was in the act of alighting,   *   *   * the plaintiff's right foot suddenly descended into an aperture between defendant's platform at said station and the carriage of defendant," and that the injuries "were solely caused by reason of the aperture between the platform and carriage aforesaid being unnecessarily and dangerously wide, unknown at the time to the plaintiff, and against which he was not warned, and through the negligence of the defendant, and not otherwise."   The plaintiff, in his childhood, had met with an accident which injured his left leg so that it was shorter than the right, and he wore a cork shoe.   He always carried a cane.   In his brief, the plaintiff's counsel groups the facts shown by the evidence, as follows:

"The platform at which the plaintiff's car stopped for him to alight from was roofed in by a wooden shed coming down to the tops of the cars.   In front of the engine of that train there were two dummy or stationary cars.   He got out about 100 feet from the railing where tickets are punched, on the left side of the platform; his objective point (the exit gate) being on his right hand when descending.   Along the other side of that platform, opposite where he alighted, there was another train of cars.   Thus there were two trains of cars parallel; also the overhanging shed; and the place was quite dark on the surface of the platform at that particular place where the car stopped for him to alight.   Other passengers having gotten off, and the signal sung out, 'Long Island City.   Last stop,' plaintiff descended the steps of the car, using his right hand on the rail, and holding his walking cane in his left.   When he had

reached the third, or lowest, step, he put out his cane to feel the platform, because he could not see it, the place being dark. His eyesight is very good. He felt the platform with his cane, and then he put down his left foot, which reached the platform in safety. Supposing that he was safe in putting down his right foot also, and intending to put it on the platform, he put it down. The lowest car step was about 40 inches above the roadbed of the line, and about 14 inches higher than the level of the platform, and distant horizontally from that platform about 6 inches. When plaintiff put down his right foot also, it, instead of going on the platform, as the left one had done, and as he had intended it to do, went down into an aperture between the lowest step and the platform so wide that his left foot was also pulled down. His whole body, from the waist down, was precipitated into the aperture, which was so capacious that when he received the shock consequent on his right foot reaching the roadbed of the line he turned around in it, and sat for a few seconds on the edge of the platform, with his back to it."

At the close of the plaintiff's evidence the defendant moved for a dismissal of the complaint on the grounds:

"(1) Failure to prove negligence on the part of the defendant; (2) that plaintiff has failed to prove absence of contributory negligence on his own part."

The court granted the motion, and the plaintiff excepted, and appealed from the judgment.

The case is so nearly similar to Lafflin v. Railroad Co., 106 N. Y. 136, 12 N. E. 599, that it is hardly necessary to cite other authority. In that case the plaintiff, a passenger, in attempting to step from the car to the station platform, missed the latter, fell between it and the car, and was injured. In her action to recover for the injuries, the following facts appeared: The distance between the platform and the car was 11 inches. The lower step of the car was 8 inches below the top of the platform, and 1 foot 7 inches distant therefrom. The second step was about 4 inches below the platform and 2 feet 2 inches therefrom. Plaintiff stepped from the second step without having hold of the iron railing on either side, and without looking to see the station platform. The platform had been used for many years by passengers, and prior to the accident no one had been injured, or had suffered any inconvenience, on account of the distance between the platform and the cars. It did not appear but that the platform was constructed in the ordinary way, or that the space between it and the car was more than requisite; and there was no complaint that the platform was out of order, or improperly constructed. The court held that the facts did not justify a verdict for the plaintiff, and that a refusal to direct a verdict for the defendant was error. The only material difference between this and the Lafflin Case is that in the latter there was evidence "that the platform had been used for many years by men, women, and children, and that no one but the plaintiff had ever been injured, or had suffered any inconvenience, on account of the distance of the platform from the cars." But I do not see that this differentiates the cases. As it was the duty of the plaintiff to prove the negligence of the defendant, he might have given evidence of other accidents (Hanrahan v. Railway Co., 53 Hun, 420, 6 N. Y. Supp. 395, affirmed without opinion 130 N. Y. 658, 29 N. E. 1033), if any had occurred by reason of the method of construction, or that such construction was unusual, faulty, or dangerous; and, there being no such proof, it

may be assumed, as the road has been in operation for many years, that thousands of passengers have alighted from the cars of the defendant at this station, the terminus of the road, without injury. The other passengers on the trip alighted without accident, and the simple fact that the plaintiff dropped his right foot into the aperture between the step of the car and the platform is not of itself sufficient to show faulty construction, or other negligence on the part of the defendant. In Race v. Ferry Co., 138 N. Y. 644, 34 N. E. 280, a passenger was injured while stepping from the ferry bridge onto the boat, the deck of which was 18 or 20 inches lower than the bridge. The court held that a carrier of passengers in the management of its business has the right to assume that passengers will take some care of themselves, and that, if it conducts its business with such care as will make the entrances upon its boats safe for persons of ordinary prudence, it meets the requirements of the law. Loftus v. Ferry Co., 84 N. Y. 455, recognized the rule requiring the strictest diligence of carriers of passengers in providing suitable and safe accommodation for the landing of passengers, but held that the rule does not impose the duty of so providing for the safety of passengers that they shall encounter no possible danger, and meet with no casualty, in the use of the appliances provided by it.

The plaintiff also contended that there was evidence that the place of the accident was not sufficiently lighted, and that the time was after dusk. The evidence on this point is not very satisfactory, but it seems not to have been proved that the accident occurred after sunset; and, in addition, the plaintiff's testimony shows that he had placed his left foot on the platform. Having thus felt the platform, he must have known that there was necessarily some distance between the step and the platform. A careful examination of the evidence convinces me that the plaintiff wholly failed to establish his own freedom from negligence and any negligence on the part of the defendant.

I have considered the exceptions to the exclusion of evidence, and find nothing which affects our decision. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.