I also entertain grave doubt whether prejudicial error was not committed in charging the jury. The court charged the jury as follows:

"The defendant comes to the bar with the presumption of innocence."

A request was made for a further charge that "the presumption of the defendant's innocence exists from the beginning to the end of the trial, and is her property throughout the trial," which was declined. The Code of Criminal Procedure provides (section 389) that "a defendant is presumed to be innocent until the contrary is proven." In Abbott's Trial Brief, Criminal Cases (2d Ed.) p. 658, it is said that the presumption of innocence accompanies an accused person throughout the trial. In People v. Ray, 36 App. Div. 389, it is said, at page 394, 55 N. Y. Supp. 410, that a person indicted for an offense is entitled to the benefit of this presumption until the case is submitted to the jury, and that, although the evidence may be such as to call upon the defendant to explain, nevertheless the presumption of his innocence continues throughout the trial, and the burden of proof remains on the prosecution at the close of the evidence just as it did at the opening, citing Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358.

Other grounds are urged in support of the application, but it is not necessary to discuss all of them.

For the reasons above stated, I am satisfied that the certificate should be allowed.

Motion granted. Give notice of settlement.

---

CREENAN v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. CARRIERS (§ 286*)—STREET RAILROADS—PLACE TO ALIGHT—TRANSFERS.

A street railway company does not fulfill its duty to a passenger by furnishing him a suitable place to alight from its car, where he is required to transfer from one car to another, but must also furnish a reasonably safe way to make the transfer.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 286.*]

2. CARRIERS (§ 286*)—STREET RAILROADS—TRANSFER POINT—WAY.

Where, at a street railway transfer point, one of the cars rounded a corner, and there was an unimpeded level stretch of street between the nearest car track and an accumulation of snow of 8 or 8½ feet, and there was a clear space in addition to the overhang of the car in rounding the curve sufficient for a person to walk in safety, and there were also paths from the place of debarkation to the sidewalk where passengers could walk in making their transfer in safety, the carrier complied with its obligation to furnish a reasonably safe way for passengers to make their transfer.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 286.*]

3. CARRIERS (§ 333*)—STREET RAILROADS—TRANSFER—CONTRIBUTORY NEGLIGENCE.

Where at a street railway transfer point one of the cars rounded a curve, but there was ample space for passengers to walk along the street adjacent to the car to make their transfer without danger from the

overhang at the point of greatest projection, a passenger struck and injured by the overhang of a car while rounding the curve, because he walked too close to the track, was negligent.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 333.*]

4. CARRIERS (§ 348*)—PASSENGERS—INJURIES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Where a street car passenger was injured by the overhang of a car while rounding a curve as he was making a transfer, and there was evidence that there was ample space in the street in which he could have walked without danger of being struck by the car, the court erred in refusing to charge that, if there was space for plaintiff in the exercise of reasonable care to walk between the pile of snow in the street and the overhang of the car as it passed around the curve, plaintiff was negligent and could not recover, and, if there was reasonable space for plaintiff so to walk, and defendant was not negligent in starting the car after plaintiff had alighted, he could not recover.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 348.*]

Appeal from Trial Term, Erie County.

Action by Michael M. Creenan against the International Railway Company. From a judgment for plaintiff for $3,587.27 damages and costs, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles B. Sears, for appellant.

George H. Kennedy, for respondent.

SPRING, J. In the forenoon of the 27th of February, 1909, the plaintiff boarded a Hoyt car on the defendant's surface road in the city of Buffalo bound for Clinton Market, where he was employed. He paid his fare and received a transfer ticket which entitled him to change to a Grant street car at Normal avenue. The car in its route traveled west on Connecticut street, stopping before it reached Normal avenue at its usual stopping place, and the plaintiff alighted, according to the directions contained, in order that he might pass over to Normal avenue, which was an intersecting street with Connecticut, and take a south-bound Grant car to his destination.

There was only one car track on Connecticut street, and the connection with the Normal avenue street line by the Hoyt car was made by passing over a curve to that avenue. Several passengers were received after the plaintiff alighted from the rear end of the car, and then the usual signal was given by the conductor to the motorman to go ahead, and the car proceeded around the curve to Normal avenue. The plaintiff in the meantime walked along in the street close to the car, and as it swung out to make the curve he was hit and knocked down by the rear end of the car and very seriously injured.

There was a ridge of snow from 1 to 2 feet, maximum height—witnesses varying in their estimate—between the street curb and the northerly or nearer car track in Connecticut street, and this distance was from 14 to 14½ feet. The snow extended from the curb, sloping toward the car tracks for the space of 6 feet, leaving a level space be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tween the car track and the ridge of snow of 8 to 8½ feet. The ordinary overhang of the car was $2^2/_{10}$ feet, and as the car proceeded around the curve the projection increased until, at its maximum, it was 5 feet. At this point there was, therefore, according to the great preponderance of the evidence, a clear space between the outermost overhang of the car and the commencement of the snow accumulation of 3 to 3½ feet. Assuming, therefore, that the plaintiff was at the precise place of the greatest outward swing of the car at the time he was hit, he had ample space to walk and be clear of contact with the car.

The defendant did not fulfill its duty to the plaintiff merely by furnishing him a suitable place to alight from its car. It agreed to transport him as its passenger on the Grant street car, and it must, accordingly, provide a reasonably safe way from one car to the other. The trial judge charged the jury:

"It was the duty of this defendant, the railway, on the occasion in question, to take all reasonable care, exercise all reasonable diligence under the circumstances as they existed to see to it that the plaintiff had a reasonable opportunity to get in safety off of the Hoyt street car and onto the Grant street car, and to take that degree of care in seeing to it that while he was going from the one car to the other that this opportunity was continued."

And this instruction did not overstate the obligation of the defendant to the plaintiff. Speck v. International Ry. Co., 133 App. Div. 802, 118 N. Y. Supp. 71.

If, however, there was the unimpeded level stretch of street between the nearer car track and the snow accumulation of 8 or 8½ feet extending to the street intersection, the defendant did afford a reasonable opportunity for its passengers who alighted from its cars at this stopping place to reach the Normal avenue cars in safety. One or two witnesses testified that the space between the ridge of snow and the car track was about two feet less than that already given, so that there may have been a question of fact as to the defendant's negligence.

The evidence shows that the Connecticut street sidewalk in front of the business places on the north side of the street was 18 feet in width, and the snow was shoveled from the entire sidewalk into the street. The defendant ran a snow plow along its track occasionally which pushed the snow on this north side. The defendant apparently kept no path to the sidewalk for passengers alighting from or going upon its cars at this stopping place. The evidence shows that there were at least two depressions or paths in the snow apparently used by people going to and from the cars to the sidewalk, and the jury may have found that these were adequate for the accommodation of those alighting from the cars and intending to continue their journey on the Grant street cars. The defendant was not called upon to furnish two safe methods of transit for this plaintiff. If the one along the street afforded him a reasonable and safe route to the car, he was required to take the duty of the defendant to him was fairly complied with. On the other hand, if there were safe approaches or paths to the sidewalk, whether actually prepared by the defendant or in any other way, and they were readily accessible to the plaintiff, then the

defendant provided a reasonably safe method for him to continue his way to the connecting car.

The motorman started the car forward as soon as he received the signal to do so, and the plaintiff did not come within his view, nor did he have any notice that the plaintiff was in the street until after the accident. The conductor went inside the car as soon as the incoming passengers entered and began collecting fares in compliance with his duties. I do not discover any evidence which tends to fasten any misconduct upon either of these employés.

The plaintiff was 66 years of age, in good health and vigor, and employed as a porter in the Clinton Street Market, and accustomed to transfer from the Hoyt to the Grant cars at this street intersection twice each month, as he testified. In his narration he said:

"I knew the Hoyt car went down Normal. There was a curve in there, but I didn't think of the curve. I knew there was a curve there. I knew there was a switch there. I got off the rear end of the car. * * * I didn't notice the car after I got off. I was looking for the other car. I walked between the bank of snow and the car. There was only about two feet of a space. I wasn't more than a foot from the car. I didn't get to the crosswalks before I was struck. I got about three-quarters of the length of the car before it struck me, about 30 or 35 feet."

If, as the weight of the testimony shows, there was ample space for him to walk along the street adjacent to the car without danger of the overhang at the point of the greatest projection, he was guilty of contributory negligence in failing to keep farther from the car. Matulewicz v. Met. St. Ry. Co., 107 App. Div. 230, 95 N. Y. Supp. 7; Waters v. United Traction Co., 114 App. Div. 275, 99 N. Y. Supp. 793; Riddle, as Adm'r, v. Forty-Second St., etc., Ry. Co., 173 N. Y. 327, 66 N. E. 22.

Apparently he did not have in mind that the car would continue to swing into the street in making the curve, although the slightest observation of the course of the car would have disclosed the situation to him. He does not claim that he was not aware of the increased projection into the street of the rear end of the car as it made the curve. He simply was temporarily unmindful or forgetful of it.

The defendant's counsel requested the trial court to charge as follows:

"I ask your honor to charge the jury that, if there was space for the plaintiff in the exercise of reasonable care to walk between the pile of snow and overhang of the car as it passed around the curve, the plaintiff was guilty of contributory negligence and cannot recover."

And again:

"I ask your honor to charge the jury that, if there was reasonable space for the plaintiff in the exercise of care to walk between the pile of snow and the car as it passed around the curve, the defendant was not guilty of negligence in starting the car after the plaintiff had alighted from the car."

The court declined to charge "in that language," and exception was taken. The evidence warranted the jury in finding that there was "reasonable space" for the plaintiff to walk between the snow and the car

and without any danger from its overhang, and the requests should have been complied with. The errors were material and call for a reversal of the judgment. A new trial should be granted.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide event. All concur.