## WESTPHAL v. WHITRIDGE.

(Supreme Court, Appellate Term. December 8, 1910.)

APPEAL AND ERROR (§ 934*)—REVIEW—VERDICTS ON CONFLICTING EVIDENCE.
When a finding is made on conflicting evidence, it must be assumed that the trial court found facts necessary to support the judgment, but this rule has no application where the facts in the case are undisputed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by William Westphal against Frederick W. Whitridge, receiver. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

I. Maurice Wormser (James Leslie Pinks, of counsel), for appellant.

James L. Quackenbush, for respondent.

GAVEGAN, J. The action was to recover damages for personal injuries claimed to have been received through the negligence of the defendant.

On April 11, 1910, the plaintiff, a man 64 years of age, while walking in a southerly direction on the crosswalk flagging which extends from the southerly end of the general post office to Ann street on the easterly side of Broadway, borough of Manhattan, city of New York, was struck from behind by the rear end of one of the new and long "pay-as-you-enter" cars, operated by the defendant, as it was turning around upon the loop just south of the post office building. At the trial, which was without a jury, the learned judge refused to dismiss the complaint at the close of the plaintiff's case and at the close of the entire case, but rendered a decision in favor of the defendant, from which the plaintiff now appeals.

It appears from the undisputed evidence that the plaintiff at the time of the accident was walking south on the crosswalk flagging, with his back towards the car which was approaching from the north; that no bell was rung and no other danger signal was given by the motorman of the car, although the rules of the company required such a signal; that the point on the crosswalk where plaintiff was struck was visible to the motorman for 200 feet before getting there; and that the plaintiff was struck by the overhang of the rear end of the long car and injured.

It further appears from the testimony of the defendant's witness Disney, a civil engineer in defendant's employ who made the measurements, that the shortest distance between the outside rail of the loop and the easterly side of the crosswalk is four feet four inches, and that the overhang of the car in question is, to use the witness' words, "I think about four feet." It is undisputed that the plaintiff did not see the car before it struck him, the plaintiff's testimony on that point

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

being, "at the instant I saw the front platform of the car, I was struck by the rear platform," and that plaintiff did not know he was in a dangerous place.

The respondent contends that, the trial justice having found for the defendant, upon conflicting evidence, it must be assumed that he found the facts necessary to support the judgment. This is undoubtedly the rule, but I do not think it applies to the facts in this case where the undisputed evidence is as stated above. The rule invoked by respondent relates to a conflict of evidence in material facts necessary to make out a cause of action, and cannot apply where such cause of action is established by the undisputed material facts.

The numerous cases cited by the respondent on the question of plaintiff's contributory negligence are so clearly distinguishable that they are not authorities in point, as it appears in all of them either that the plaintiff was facing the car, or knew or should have known of the danger, or was crossing or about to cross the track. There can be no error of judgment in the case at bar, which arises in most of the cases cited by the respondent as the plaintiff here had no time or opportunity to exercise his judgment. Even in the case of Creenan v. International Ry. Co., 124 N. Y. Supp. 360, relied on most by the respondent, an error of judgment was involved, and the plaintiff saw the car, knew the danger, and negligently chose to walk in a dangerous place.

I am of the opinion that the plaintiff herein sustained the burden of his cause of action on the undisputed evidence in the case, apart from the conflicting evidence, and that the finding of the trial judge was against the weight of that undisputed evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.