## In re KEANSBURG STEAMBOAT CO.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

No. 100.

SHIPPING ☞166(3)—INJURY TO PASSENGERS—LIABILITY OF VESSEL.

The injury of two women passengers on a steamer, by stepping on a line which was being handled by a mate and two deck hands in a narrow passageway at the side of the boat as she was leaving her pier, although they were twice warned by the mate to stop, because the line had fouled at the pier end and was being allowed to run out through a chock, *held* due to their own negligence, for which the vessel was not liable.

Appeal from the District Court of the United States for the Southern District of New York.

Petition in admiralty by the Keansburg Steamboat Company, as owner of the steamboat Keansburg, for limitation of liability. From a decree holding the boat liable for an injury to passengers, petitioner appeals. Reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Charles Goldzier and Frederick Hemley, both of New York City, of counsel), for appellees.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. June 8, 1916, the Keansburg Steamboat Company filed this petition to limit its liability for claims made against it by two passengers for personal injuries and at the same time denied liability therefor. The steamboat was appraised at $10,000, with pending freight of $195, and the petitioner gave a stipulation for value in the aggregate amount.

June 20, 1915, at about 7:50 p. m., the steamboat, with her full complement of passengers, left her wharf at Keansburg, N. J., on one of her regular trips to New York City. Her starboard side was made fast to the wharf. The forward mooring lines were cast off, leaving a 5½-inch line which led forward from a bitt on the starboard quarter of the main deck through a chock about 40 feet to a pile, the free end lying coiled on the deck. In accordance with the usual practice the engines were started astern, so as to throw the steamboat's bow to port, and the mate and two deckhands stood by to haul in this stern line as soon as the engines went ahead with the helm astarboard and the boat's quarter got abreast of the pile. But after the line was cast off from the bitt it fouled on the pile, and the mate ordered the men to let it run out through the chock, with the intention of picking it up again on the return trip. So far all was regular and proper.

Aft of the bitt and chock there was a very narrow passage, tapering alongside the house to the stern, where a row of passengers were sitting on camp stools alongside of the house; the furthest of them being Mrs. Mary Flaxbarth and her daughter Florence. They, seeing on the deck beyond the mate and the two deckhands, another sister, with her husband, belonging to their party, rose from their seats with the intention of joining them, and pushed forward past and against the remonstrances of the passengers sitting ahead of them. The mate twice called out to them to stop, but they either did not hear or did not understand him. Mrs. Flaxbarth stepped upon or against the line which was running out through the chock and fell forward, while her daughter, in an effort to help her, stepped into a bight of the line, was pulled forward against the bitt, and sustained severe injuries to her left ankle. Such a fouling of the line as occurred sometimes, but not frequently, happens. These ladies, as claimants, answered the petition, charging the petitioner with negligence in permitting a line to lie loose upon the deck and to run out when passengers were standing and walking in the neighborhood.

The foregoing is intended to be, and we think is, a correct statement of the facts found by the District Judge. Being of opinion on these findings that the petitioner was guilty of a lack of care for not protecting its passengers against such a danger, and that they them-

selves were not guilty of negligence, he entered a decree in favor of the claimants. Although the happening of an accident to a passenger makes a prima facie case of liability against the carrier, we cannot concur in the conclusion of the court below. It seems to us that the place where the claimants were sitting was a proper one for passengers, and of course it was a proper place for the bitt, chock, and line to be. The presence of the mate and two deck hands to handle the line was a sufficient precaution against danger from its fouling with the pile. The mate had no reason to expect that passengers would try to force their way through this narrow place, not more than 5 feet at the widest part, where the crew was at work preparatory to the departure of the boat. When he saw them coming, his twice repeated warning was sufficient to stop persons of ordinary prudence. If they had done so, no accident would have happened. Carriers of passengers are not insurers. They have a right to suppose that their passengers will exercise ordinary prudence and common sense. They are held to a degree of care according to the circumstances. Race v. Union Ferry Co., 138 N. Y. 644, 34 N. E. 280; Savage v. Steamship Co., 185 Fed. 778, 107 C. C. A. 648. We think the claimants, on the facts found, were injured because of their own recklessness.

The decree is reversed.