STELLA TRUDNOWSKI, Respondent, v. NEW YORK CENTRAL RAIL-
ROAD COMPANY, Appellant.

Fourth Department, May 4, 1927.

Railroads — injuries to passengers — action to recover for injuries suffered
    by plaintiff when she fell while leaving passenger train at station —
    negligence based on failure to provide box or step, failure to provide
    assistance, and failure to notify plaintiff of danger in height of bottom
    step above station platform — distance between bottom step and plat-
    form was only one inch more than height of risers of steps — there
    was open space of five inches between outer edge of step and edge of
    platform — neither existence of open space of five inches nor drop
    from step to platform constitutes negligence — defendant was not
    required, as matter of law, to furnish stepping box or assistant to help
    passengers off at station under circumstances — plaintiff having volun-
    tarily chosen to leave car by rear door, not exit authorized by defendant,
    assumed risk — plaintiff was guilty of contributory negligence in not
    observing steps and distance between steps and platform.

The plaintiff brought this action to recover for injuries suffered when she fell
    while alighting from one of defendant's cars at the Buffalo station. The
    plaintiff stepped into an opening about five inches wide between the platform
    and the lower step of the car and suffered the injuries for which the action is
    brought. She is not entitled to recover on the theory that the defendant was
    negligent in failing to provide a box or step to aid her in getting off the train
    or in failing to provide her an assistant, since it appears that the distance
    between the platform and the first step was only one inch greater than the
    distance between the individual steps of the car, which fact must be taken as
    proven, since while the plaintiff estimated the distance at twenty-three and
    one-half inches, actual measurements show it to be but eleven inches. It cannot
    be said that an open space of five inches between the step and the platform or
    a drop from the step to the platform of no more than an inch greater than the
    height of the individual steps, constitutes a violation of the duty of the
    defendant to use reasonable care for the safety of its passengers.

Furthermore, it appears that the vestibule door at the rear of the car in which
    the plaintiff was riding was opened by one of the passengers without authority
    from the employees on the train and that the plaintiff left the car by that door
    rather than by the door which had been opened by the brakeman. It also
    appears that the employees on the train had no knowledge that the rear vestibule
    door had been opened until after the accident occurred, nor does it appear that
    it had been opened for such a length of time as to charge them with knowledge.
    Under the circumstances, the defendant was not bound to anticipate that the
    plaintiff would use the rear exit nor is it liable for her fall, for she, having elected
    to leave the car by an unauthorized exit, assumed the risk of injury.

Not only was there failure to prove negligence but the act of the plaintiff in
    walking down the steps and from the car without observing where she was
    stepping constituted contributory negligence.

APPEAL by the defendant, New York Central Railroad Company,
from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Chautauqua on the 14th day of May, 1926, upon the verdict of a jury for $1,125, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Rann, Vaughan, Brown & Sturtevant* [*Raymond C. Vaughan* and *Noel S. Symons* of counsel], for the appellant.

*Palmer & Rowe* [*Nelson J. Palmer* of counsel], for the respondent.

SAWYER, J. Shortly after four o'clock in the afternoon of December 8, 1922, the plaintiff, in alighting from one of defendant's cars at Buffalo station, stepped into an opening between the lower step of the car and the platform, and was thereby thrown in such a manner as to cause the injuries complained of. She has a judgment, recovered upon the theory that the accident was caused by defendant's negligence in the following particulars: (a) That it failed to provide a box or step to aid her in getting off the train; (b) that it failed to provide her an assistant; (c) that it failed to notify her of the alleged danger in the height of the bottom step above the station platform.

The car in which Mrs. Trudnowski was riding came to a stop with its rear vestibule opposite a point somewhere between the westerly entrance to the subway stairs on platform 5 and about sixteen feet west thereof. The exact location is of little moment, for, while the platform at either end sloped downward to the tracks, it was throughout those sixteen feet somewhat higher and approximately level. The risers of the car steps were ten inches in height and there was a horizontal distance of five inches from the bottom step to the line of the platform. The parties are not, however, in agreement as to the height of the step above the platform. Mrs. Trudnowski estimated same, by indicating with her hands, to be about twenty-three and one-half inches and again by saying that, as she stood on the platform, the step was opposite her knee. The car itself was later placed by defendant beside the platform opposite the westerly entrance of the subway and measurements taken which showed the perpendicular drop from the step to the surface of the platform to be eleven inches and from the top of the platform to the rail below to be also eleven inches. These definite and precise figures, thus obtained, must outweigh plaintiff's testimony, which at the most is but an expression of opinion and, as against that positive evidence, of little value. (*Truesdell* v. *Erie R. R. Co.*, 114 App. Div. 34, 39.)

The New York Central Railroad depot in the city of Buffalo is a busy center with large numbers of passengers daily passing back

and forth from its trains. No attempt was made to show that among the many thousands, who doubtless have used this platform, and others like it, any other person ever suffered a similar accident. It is common knowledge that for safe operation of cars and the convenience of their passengers there must be steps to railroad coaches and between trains and the platforms some open space. While defendant owes to its passengers the duty of reasonable care for their safety (*McKinney* v. *N. Y. Consolidated R. R. Co.*, 230 N. Y. 194; *Lafflin* v. *Buffalo & S. W. R. R. Co.*, 106 id. 136), it cannot be said that an open space of five inches or a drop from the step to the platform of not more than an inch greater than the height of the individual steps constitutes a violation of that duty in law or in fact. (*Loftus* v. *Union Ferry Co.*, 84 N. Y. 455; *Lafflin* v. *Buffalo & S. W. R. R. Co.*, *supra*; *Ryan* v. *Manhattan R. Co.*, 121 N. Y. 126; *Gabriel* v. *Long Island R. R. Co.*, 54 App. Div. 41; *Woolsey* v. *Bklyn. Heights R. R. Co.*, 123 id. 631; *Gibson* v. *N. Y. Consolidated R. R. Co.*, 173 id. 125; *Lang* v. *Interborough Rapid Transit Co.*, 193 id. 56, 62.) Plaintiff testified that she had at other times found a stepping box used and assumed one was there on this occasion but that she made no attempt to see if it was in fact present because of her two small children, one of which was in her arms.

The conductor and trainmen all testify that they carried a box in the car to be used at station stops where the level of the ground was much below the step but that it was never used in the Buffalo station; the reason being, that the perpendicular distance from the step to the platform was only about the height of the individual steps. When the train drew into Buffalo on the afternoon in question, the station was called by the trainman assigned to plaintiff's car, who thereafter opened the front vestibule and proceeded to assist the passengers to alight. The door to the rear vestibule had been closed at a place called Buffalo Creek and was not again opened by the defendant or its servants. A passenger in the rear of the car, evidently impatient at the delay incident to leaving the train by its forward door, opened and used the rear vestibule door, being followed by a number of others of whom Mrs. Trudnowski was one; it was in attempting to alight in that unauthorized place that she received her injuries. Defendant was not required, as a matter of law, to furnish either a stepping box or an assistant to help its passengers off the car. When it had used whatever care was reasonably necessary for their safety, its duty was ended. (*Lafflin* v. *Buffalo & S. W. R. R. Co.*, *supra*; *Hanlon* v. *Central R. R. Co.*, 187 N. Y. 73; *Commerford* v. *Interborough R. T. Co.*, 199 App. Div. 852.) It had the right to select the place for their egress and

if it was a suitable place those who voluntarily chose another way out assumed their own risk.

Before defendant could be charged with the duty of protecting passengers leaving its car by an unauthorized way, it must either have had notice of such use or the same must have been continued for sufficient time to charge it therewith. The record is silent as to how long this train had been engaged in the discharge of its passengers before plaintiff's accident or how long the rear vestibule had been open and in use. The evidence is that the trainman who was assisting the passengers off at the place provided for them, did not learn of the opening of the rear door until after the accident. Under such circumstances it seems clear that defendant was not bound to anticipate that plaintiff would use the rear exit nor at fault for her fall.

Not only is there failure of proof of any negligence on the part of defendant but, from her own version of the transaction, it would seem that plaintiff's injuries were due to her own lack of precaution. She had traveled upon railroad trains from time to time and must be presumed to have known something of the dangers incident to such travel and of the necessity of using reasonable care to protect herself; she says that with one small child in her arms and holding another by the hand, she walked off the car without attempting to see whether, as she stepped therefrom, she would be in a place of safety or otherwise. That she relied upon the presence of a stepping box may explain but is no excuse for so glaring a lack of ordinary care. Nearly all the passengers had left the car before her; it does not appear that the train was about to start; she was in nowise hurried and had full opportunity to " watch her step " for possible danger. Whether her failure to do this arose through haste, through inattention or unwarranted assumption of safety is of no importance; it is sufficient to say that by the exercise of ordinary caution she could have avoided the accident and defendant is not required to compensate her for the consequence of her own neglect. (*Creenan* v. *International R. Co.,* 139 App. Div. 863; *Smith* v. *Bklyn. Heights R. R. Co.,* 129 id. 635; *Race* v. *Union Ferry Co.,* 138 N. Y. 644.)

The judgment and order should be reversed on the law and facts and the complaint dismissed, with costs to the appellant.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.