MABEL PRESTON and Others, Plaintiffs, *v.* HUDSON RIVER DAY LINE, Defendant.

Supreme Court, Trial Term New York County, February 25, 1941.

*Irwin Isaacs*, for the plaintiffs.

*Haight, Griffin, Denning & Gardner*, for the defendant.

BERNSTEIN, J. The charge of negligence in this case is based on the claim that the defendant permitted the floor of the main deck of its steamship *Peter Stuyvesant* to be maintained in a highly polished condition and failed to guard the infant plaintiff against being pushed around by a surging crowd of other passengers.

The use of polished marble or hard wood floors in public places is not itself negligent, and if persons slip or fall on them because of that condition there is no liability for injuries suffered by them. (*Kline* v. *Abraham*, 178 N. Y. 377; *Tryon* v. *Chalmers*, 205 App. Div. 816.) Nor, in the absence of proof of the continual presence of crowds creating a dangerous condition in a given place, is there any obligation to station guards to regulate the movement of traffic. (*Race* v. *Union Ferry Co.*, 138 N. Y. 644; *Weinstein* v. *Macy & Co., Inc.*, 163 Misc. 61.) It cannot be said, therefore, that the transportation of 1,000 passengers, distributed over large areas of several decks of a boat licensed to accommodate 2,783 passengers, creates such a danger of overcrowding as to call for the supervision urged by the plaintiffs.

Finally, the court was not impressed with the infant plaintiff's story of the occurrences It was not only a palpably studied and rehearsed story, but it was strongly contradicted in every detail by the testimony of the defendant's former officers and by all the inherent probabilities of the situation. Under those circumstances it is clear that the plaintiffs have failed to sustain their burden of proof, and judgment is directed for the defendant. The plaintiffs may have an appropriate exception.